20 So.2d 541

### MADISON v. STATE.

3 Div. 868.

Court of Appeals of Alabama.

Jan. 16, 1945.

Arthur D. Shores and Jane Cleo Marshall, both of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., John O. Harris, Asst. Atty. Gen., and Hill, Hill, Whiting & Rives, of Montgomery, for the State.

CARR, Judge.

█ In the trial in the lower court by the judge without the aid of a jury, appellant was convicted of violating Sec. 55, Title 46, Code of 1940: "Any attorney appearing for a person without being employed must, on conviction, be fined not less than five hundred dollars, and shall be incompetent to practice in any court of this state."

Insistence is made here that the word "appearing" in the section above is limited to representation of a defendant and does not include a plaintiff. We cannot accord to the section such narrow construction. To do so would clearly destroy the evident intent and purpose of the lawmakers. Obviously, the statute is directed against unauthorized representation of persons in the courts.

The matter of determining the course to pursue with reference to prospective litigation is more vital to a plaintiff than defendant. The latter is often required to come into court to protect his rights against the rules of procedure, while the former, with few exceptions, comes into court of his own choice. Parties to lawsuits are often subjected to much inconvenience, financially and otherwise. Whatever may be the possible hazard or the anticipated gain, a person should have the privilege to select counsel of his own choosing.

To make the statute in question applicable to an "appearance" for the defendant and not the plaintiff would lead to a logical absurdity.

·█ The words "appear" and "appearance" have an accepted meaning in relation to judicial procedure. They apply generally to "a coming into court by a party to a suit, whether plaintiff or defendant." Bouvier's Law Dictionary, Rawle's Third Revision; Black's Law Dictionary, 3rd Ed., p. 123; Stephens v. Ringling, 102 S.C. 333, 86 S.E. 683; In re Ford's Estate, 98 Misc. 100, 163 N.Y.S. 960; Doe ex dem. Chamberlain, Miller & Co. v. Abbott et al., 152 Ala. 243, 44 So. 637, 126 Am.St. Rep. 30; Title 46, Secs. 46 and 48, Code 1940; Title 7, pages 1001 and 1002, Code 1940 Rules of Practice, rule 1; Title 13, Sec. 198, Subd. (2), Code 1940.

The evidence in the instant case in all material aspects is without conflict or controversy. There is clearly presented a question for the determination of the trial court on the factual issues. In obedience to the familiar rule in such cases, we will not disturb his judgment. McGeever v. S. H. Harris & Sons, 148 Ala. 503, 41 So. 930. See also, Smith v. State, 223 Ala. 346, 136 So. 270.

The judgment of the lower court is affirmed.

Affirmed.