No. 38,731

MILDRED B. POTTER, *Appellee,* v. JAY C. RIMMER, *Appellant,* and GOLDIE RIMMER, *Defendant.*

(250 P. 2d 771)

Opinion filed December 6, 1952.

*Johnie Frank,* of Wichita, argued the cause, and *Dale M. Bryant, Morris H. Cundiff* and *Garner E. Shriver,* all of Wichita, were with him on the briefs for the appellant.

*Roy H. Wasson,* of Wichita, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal by one of the defendants below from an order sustaining plaintiff's demurrer to his petition to vacate a default judgment rendered against him.

From what appears to be a rather confused record of proceedings in the court below, the facts are substantially as follows:

In July, 1948, appellee (hereinafter referred to as plaintiff), by her then counsel, brought an action for possession of certain prop-

erty and for damages. On December 20, 1948, defendants, by their then counsel, filed an answer and counterclaim. In March, 1949, plaintiff's then counsel praeciped the case for trial on the April, 1949, trial docket. It was not brought to trial and apparently nothing further was done until November 30, 1950, at which time plaintiff, by her present counsel, filed a motion for leave to file an amended petition. This motion was sustained on that date and an amended petition was filed instanter. The allegations of the amended petition greatly enlarged, if not in fact changed, the original cause of action and sought both actual and punitive damages. Two copies of the amended petition were served upon Jay C. Rimmer, one of the two defendants and appellant here. No service of the amended petition or notice of the filing thereof was had on defendants' then counsel.

It appears that during the greater portion of the period in question defendants' then counsel were having difficulty in contacting them and there was some doubt in their minds whether they still represented defendants. The matter was discussed with plaintiff's present counsel but apparently no definite understanding with reference to continued representation or withdrawal by defendants' then counsel was reached.

The January, 1951, term of court in Sedgwick county commenced on January 8. On January 2, 1951, plaintiff, through her present counsel, praeciped the case on the trial docket for trial at that term. On the same date plaintiff filed an answer to defendants' counterclaim. Copies of this praecipe and answer were mailed to defendants. Service of these pleadings was not made upon defendants' then counsel. On January 15, 1951, without notice to defendants or their then counsel, plaintiff took a default judgment in the amount of $1,000 actual damages and $1,500 punitive damages.

On April 21, 1951, defendants, by their present counsel, filed a petition to vacate the judgment. This petition, in substance, set out the various chronological and procedural steps in the action, alleged as a ground to vacate the lack of notice to them of plaintiff's intention to take judgment, and further alleged they had a meritorious defense to plaintiff's cause of action, as shown by their answer and counterclaim on file.

Plaintiff demurred to this petition to vacate the judgment on the principal ground that it did not allege facts sufficient to entitle defendants to the relief sought.

At the hearing on this demurrer the court heard testimony concerning the various procedural steps heretofore related and concerning defendants' former attorneys' participation in the case. The fact is clear, not only from the court files, but also from the testimony of defendants' former counsel, that at no time prior to the taking of the judgment by plaintiff did they enter and file a formal withdrawal as counsel.

At the conclusion of the hearing the court overruled plaintiff's demurrer to the petition to vacate the judgment as to defendant Goldie Rimmer, but sustained it as to her husband, Jay, appellant here.

The question therefore is whether, under the facts disclosed by this record, plaintiff's demurrer to the petition to vacate the judgment should have been sustained as to appellant.

In their briefs counsel for both sides make numerous contentions. All have been noted and considered, but in our view of the case no useful purpose would be served and nothing would be added to the body of our law by a detailed discussion of them in this opinion. Rule 4 of the district court of Sedgwick County provides:

"No attorney shall be permitted to withdraw from any case, unless he shall first give written notice to the Court, his client, and opposing counsel in the case at least ten days before the case is to be called for trial."

Rules 44 and 48, relating to procedure in district courts, set out in G. S. 1949, 60-3827, are as follows, respectively:

"Counsel filing a motion or demurrer or pleading subsequent to the petition shall, on the day the same is filed, deliver or mail a copy thereof to counsel of record for all adverse parties."

"In all causes or matters in which adverse counsel has appeared of record, no default judgment shall be rendered except upon motion and the giving of at least a three days' notice to such adverse counsel of the hearing thereof: *Provided,* This rule shall not apply to the first day of a regular term of court fixed by the statute."

At no time during the course of these proceedings did defendants' former counsel ever file a formal withdrawal as counsel in compliance with rule 4, *supra.* They were counsel of record when the amended petition was filed, when the case was praeciped for hearing at the January, 1951, term, and when the default judgment was taken on January 15, 1951. In failing to serve them with copies of the various pleadings plaintiff's present counsel failed to comply with rule 44, *supra,* and in failing to give them the required notice

of the intention to take a default judgment plaintiff's present counsel did not comply with rule 48, *supra.*

Without further discussion, but after considering each of plaintiff's contentions, we are of the opinion that for the above reasons plaintiff's demurrer to appellant's petition to vacate the judgment was erroneously sustained.

The judgment is therefore reversed with directions to overrule the demurrer.