George R. HOFFMAN and Emma F. Hoffman, Plaintiffs-Respondents,

v.

E. A. HART, Ruth S. Hart and Harold H. Hart, Defendants-Appellants.

No. 22653.

Kansas City Court of Appeals.

Missouri.

Feb. 3, 1958.

Wm. G. Zimmerman, Kansas City, for appellants.

Elmer Hoge, Overland Park, Kan., Knowlton, Ellis & Drape, Kansas City, for respondents.

CAVE, Judge.

The Circuit Court of Jackson County, Missouri, entered a judgment for plaintiffs and against the defendants in the amount of $4,607.39, based upon a foreign judgment recovered by the plaintiffs against the defendants in an action in the District Court of Johnson County, Kansas.

The defendants contend that the foreign judgment is invalid because the District Court of Kansas did not have jurisdiction to render the same, and that the circuit court of Missouri erred in entering its judgment based upon such invalid foreign judgment.

The facts giving rise to this controversy are to the effect that in April, 1950, the Hoffmans sold to the Harts a house and lot in Overland Park, Kansas. As a part of the purchase price, the Harts borrowed $15,000 from the Inter-State Building & Loan Association of Kansas City, Kansas, and secured the payment thereof by a first mortgage on the real estate. At the same time, the Harts also gave to the Hoffmans a note secured by second mortgage upon said real estate for $3,250. Thereafter, the Harts defaulted on the payments due on each mortgage. In May, 1954, the Inter-State Building & Loan Association filed a petition in the District Court of Johnson County, Kansas, against the Harts and the Hoffmans to foreclose its first mortgage. The Hoffmans were made defendants in that suit because they were the owners and holders of the second mortgage, and under the Kansas statutes were necessary and proper parties. The petition of the Inter-State Building & Loan Association alleged

the necessary facts relative to its note and mortgage; also that the Harts had given the Hoffmans a second mortgage on the property in the amount of $3,250, and stated the terms thereof; and prayed judgment against the Harts for the amount due on its first mortgage note; that the same be foreclosed and the property sold; that the amount realized on the sale be applied to the payment of its mortgage; that any surplus be paid in accordance with the orders of the court; that the right, title, interest, estate, equity or lien of the defendants and each of them in and to said premises may be decreed to the inferior and subsequent to the mortgage lien of the loan company; and that the rights, if any, of the defendants Hoffman be determined.

To this petition the Harts executed a written "Entrance of Appearance and Waiver of Summons" as follows: "Comes now E. A. Hart, Ruth S. Hart and Harold H. Hart, three of the above named defendants, and hereby file their general entrance of appearance in the above matter, waive service of summons upon them, and consent that the above matter may be tried at any time, without further notice". The Harts admit that they signed the entrance of appearance, but contend that it was not executed before a notary public. That question will be discussed later. The Harts did not file any pleading or appear in person or by counsel to the suit of the loan company.

However, the defendants Hoffman filed an answer and cross-petition admitting certain allegations of the loan company's petition, denying others, and requiring strict proof thereof. They also alleged that the Harts had executed to them a note in the amount of $3,250, secured by mortgage on the same property described in the loan company's petition; that the Harts had defaulted in the payment thereof; and prayed judgment against the Harts on said note, and for the foreclosure of their second deed of trust.

The Harts were not notified by summons or otherwise of the answer and cross-peti-

tion of their co-defendants Hoffman. This failure to receive notice of the Hoffmans' answer and cross-petition is the basis of the contention of the Harts that the judgment against them and in favor of the Hoffmans is invalid because the Kansas court did not have jurisdiction of the subject matter or of the Harts.

It is undisputed that in due time the Kansas court rendered judgment against the Harts and in favor of the loan company on its note and first mortgage; also that the loan company's mortgage was prior to the Hoffmans' mortgage; also entered judgment in favor of the Hoffmans and against the Harts on the note given by Harts to Hoffmans; and ordered the mortgages foreclosed with directions that the proceeds from said sale be applied to the payment of the debts as set out in the judgment.

The property was sold for a sufficient amount to satisfy the loan company's first mortgage and the expenses of the sale, but left nothing to apply on the judgment the Hoffmans had secured against the Harts. It is this unsatisfied judgment which the Hoffmans sued on in the Circuit Court of Jackson County, Missouri, and which the Harts contend is invalid.

■ Did the Kansas court acquire jurisdiction of the subject matter and of the parties? The question of jurisdiction can be raised when a suit is brought in this state on a foreign judgment; and the lack of jurisdiction may be established by evidence dehors the record. Leichty v. Kansas City Bridge Co. (In Banc), 354 Mo. 629, 190 S.W.2d 201, 203; Stuart v. Dickinson, 290 Mo. 516, 235 S.W. 446; In re Veach, 365 Mo. 776, 287 S.W.2d 753, 759; Restatement of the Law, Judgments, page 71, Sec. 12C. Consequently the Harts can contest the validity of the Kansas judgment rendered in favor of the Hoffmans.

There can be no question but that the District Court of Kansas had jurisdiction of the subject matter: that is, the fore-

closure of a mortgage. Sec. 60-3107, General Statutes of Kansas 1949, provides for the foreclosure of mortgages by a proceeding in the District Court for a judgment of foreclosure. That is the only method of foreclosing a mortgage in Kansas. LeComte v. Pennock, 61 Kan. 330, 336, 59 P. 641.

However, the vital question is whether the waiver of summons and entrance of appearance by the Harts gave the District Court of Kansas jurisdiction of the Harts insofar as the cross-petition of their co-defendants Hoffman is concerned. In their brief the Harts, with all candor and frankness, admit that if the entrance of appearance is sufficient to give the Kansas court jurisdiction of them on the Hoffmans' claim, then the judgment in that court is valid; and that the Circuit Court of Jackson County, Missouri, in this proceeding, properly rendered judgment against them.

Harts contend that their general entrance of appearance should be limited to an appearance in the suit filed by the Inter-State Building and Loan Association, and not an appearance to a claim later filed against them by their co-defendants Hoffman.

■ Unquestionably, under the law of Kansas, and generally, when a defendant enters his general appearance either in person or in writing, the court acquires jurisdiciton of him to the same extent as if he had been served with summons. Sec. 60-2515, General Statutes of Kan. 1949; Salina Nat. Bank v. Prescott, 60 Kan. 490, 492, 57 P. 121; Westerman v. Westerman, 121 Kan. 501, 504, 247 P. 863; 3 Am.Jur. Sec. 33, page 803.

■ In the early case of Kimball v. Connor, 3 Kan. 414, the court had before it the question of the validity of a judgment rendered in favor of a cross-petitioning defendant against a co-defendant who was in default. No summons was issued on the cross-petition. In answer to the judgment debtor's contention that the judgment thus rendered was void because he had received

no notice of the cross-petition and had not been served with summons thereon, the court said (431): "As to the issuance and service of a summons, there can be no difficulty. When the original summons is served the defendants are in court for every purpose connected with the action, and the defendants served are bound to take notice of every step taken therein". It was further held that such defaulting defendant, having been served with a summons to answer the original petition, was bound to take notice of the answer and cross-petition subsequently filed by a co-defendant. This rule was cited with approval in Beecher v. Ireland, 46 Kan. 97, 26 P. 448; Curry v. Janicke, 48 Kan. 168, 29 P. 319; Jones v. Standiferd, 69 Kan. 513, 77 P. 271; Lawson v. Rush, 80 Kan. 262, 101 P. 1009. However, the broad general statement made in the Kimball case has been somewhat modified by subsequent decisions under the particular facts of the case under consideration. In the recent case of the Long Bell Lumber Co. v. Johnson, 175 Kan. 112, 259 P.2d 214, the court interpreted the meaning of the language in the Kimball case, and others where a similar question was involved, in the following manner (119): "It is apparent from the rule laid down in the early Kimball case, and which has been followed in numerous later decisions, the test is whether the cross-petition, upon which judgment is rendered against a co-defendant who is in default as to plaintiff's petition, is *connected with the action*." The court then reviewed the pleadings which sought to foreclose various liens and to determine the priority of such liens, together with the interests of the various parties in and to the property involved; and held that the co-defendants' cross-petition was "connected with the action, that is, with plaintiff's action". That is the precise situation we have in the instant case. The petition of the Inter-State Building and Loan Association sought to foreclose its mortgage; to have it determined prior to the mortgage of the Hoffmans; to ascertain and determine the interests of the respective parties in the property; and to foreclose the interests of all the parties defendant. The second mortgage of the Hoffmans was described in full by the plaintiffs' petition, which gave notice to the Harts of its existence, (which they knew anyway), and the possibility of the Hoffmans filing a cross-petition seeking judgment of foreclosure of their mortgage.

This feature of the case was well expressed in Trower v. Beekman, 82 Kan. 327, 108 P. 110, 111, where it is said: "Where an action is commenced to foreclose a lien, and several lienholders are made parties defendant, but one or more are omitted * * *, the defendant owner is chargeable with notice that the omitted lienholders may voluntarily come in or be brought in to assert their liens, and he must therefore anticipate the possibility of such action and be prepared to make such defense thereto as he may desire. * * * They were the owners of the lands. They knew what liens were upon it, and that all holders of liens might assert their rights in that action, and *due diligence* would require them to anticipate such a contingency and be prepared to meet whatever might arise during the progress of the trial". (Italics supplied.)

In the light of the pleadings in the instant case, and the holdings of the Kansas courts, we are of the opinion that "due diligence" required the Harts to anticipate that the Hoffmans might, and probably would, seek to have their second mortgage foreclosed in the same proceeding in order to protect their interest; and that the Harts should have given more careful attention to the proceedings. Possibly their indifference was prompted by the fact that they admit they owed Hoffmans the amount of the judgment.

The Harts cite Kansas Supreme Court Rule No. 44, which reads: "Counsel filing a motion or demurrer or pleading subsequent to the petition shall, on the day the same is filed, deliver or mail a copy thereof to counsel of record for all adverse

parties". They also cite Potter v. Rimmer, 173 Kan. 633, 250 P.2d 771, 772. In that case the *plaintiff* had filed an amended petition which the court said "greatly enlarged, if not in fact changed, the original cause of action * * *". The court held that the plaintiff should have given notice to the attorneys for the defendants of the filing of such amended petition. This is the only case cited construing Rule 44, and of course the situation is different than in the instant case. There the *plaintiff* filed an amended petition substantially changing his cause of action. The court does not discuss or refer to any of the decisions cited supra or, for that matter, to any other Kansas decision. We do not believe the holding in the Potter case is controlling of the issues in our case.

The Harts also make mention of the fact that they did not execute the entrance of appearance before a notary public, although the instrument so showed. The statutes of Kansas do not require an entrance of appearance to be notarized. Sec. 60–2515.

It is also argued that the Hoffmans perpetrated a fraud on the Harts in failing to notify or tell them verbally that the Hoffmans intended to file the cross-petition. This argument is based on Hoffman's testimony that he talked with the Harts several times before the judgment of foreclosure about making some payment on their note or giving him a quit claim deed so that he could protect his interest. The Harts testified that Hoffman did not tell them of his intention to file a cross-petition in those conversations. However, Hoffman was asked, "Q. Did you tell him (Hart) you were going to foreclose yourself? A. Yes, I told him I didn't want to, but I told him I was informed in order to protect my interest I was going to have to do something * * * I didn't want to lose my equity and he promised to do something for me, that never was forthcoming; * * *". If, as we have held, there was no duty on the Hoffmans to serve a summons or written notice on the Harts of their filing of the cross-petition, certainly

the failure to advise them orally would not be required. Furthermore, if the issue of fraud is in the case at all, it merely presents a conflict of oral testimony and the trial court resolved the conflict in favor of the Hoffmans.

Finding no prejudicial error, the judgment should be affirmed. It is so ordered.

All concur.