No. 44,250

Billy L. Jones and Patricia J. Jones, *Appellees,* v. James H. Main d/b/a J. H. Main Construction Co., *Appellee,* and Perfecto Torrez, *Appellant.*

(410 P. 2d 303)

Opinion filed January 22, 1966.

*C. Bruce Works,* of Topeka, argued the cause, and was on the brief for the appellant.

*Dale E. Dixon,* of Topeka, argued the cause, and was on the brief for the appellees, Billy L. Jones and Patricia J. Jones.

The opinion of the court was delivered by

Fontron, J.: This appeal is from a default judgment entered in a garnishment proceeding against Perfecto Torrez, the garnishee defendant, and the appellant herein.

The facts are not controverted. On July 23, 1964, the plaintiffs and appellees, Billy L. Jones and Patricia J. Jones, having an unsatisfied judgment against James H. Main d/b/a J. H. Main Construction Co., filed, through their counsel, a garnishment affidavit alleging that Perfecto Torrez was indebted to the delinquent Mr. Main. Pursuant to this affidavit, the clerk of the district court issued an order of garnishment which is shown to have been served personally, both on Perfecto and on the reluctant debtor, Main.

On August 3, 1964, Perfecto filed with the clerk of the court his copy of the garnishment summons, on the bottom of which the following notation was inscribed:

"I received this Summons in Garnishment on the 23 day of July A. D. 1964.
"As of this day, J. H. Main does not have any money due him from me."

The foregoing notation was neither verified nor signed, and it is said in appellees' brief that it was typewritten. However, the entire document, notation and all, was stamped and filed by the clerk and plaintiffs' attorney had knowledge to such effect.

On August 27, 1964, the plaintiffs' oral motion for default judgment was sustained by the trial court and judgment was entered against Perfecto for $1,121.25 and costs. The journal entry reflects that the basis for the court's decision was Perfecto's failure to file an answer as required by K. S. A. 60-718.

Subsequently, and on September 21, 1964, the garnishee filed two motions; one for leave to amend his answer, and the second to set aside the default judgment. On December 4, 1964, the court overruled the motion to vacate the judgment and Perfecto properly perfected this appeal.

The respective positions of the parties to this appeal may be summarized quite briefly. The plaintiffs contend that Perfecto did not comply with the provisions of the garnishment statutes which require a garnishee to answer under oath; that he was, therefore, in default of any answer; and that default judgment was, accordingly, correctly entered. On the other hand, Perfecto maintains that he had made an appearance in the garnishment action by filing his copy of the garnishment summons containing the notation above quoted and, hence, was entitled to the notice provided by K. S. A. 60-255 (a).

We deem it unnecessary to decide the question of whether the somewhat unorthodox pleading filed by Perfecto, apparently *pro se*, fulfills all the requirements of the answer which the statute directs is to be filed by a party who has been garnisheed. Assuming, for the sake of argument, that the instrument under scrutiny in this case does lack certain statutory essentials, we believe it is nonetheless sufficient to constitute an appearance within the purview of 60-255 (a), *supra*, the pertinent provisions of which read:

"Upon request and proper showing by the party entitled thereto, the judge shall render judgment against a party in default for the remedy to which the party is entitled. . . . If the party against whom judgment by default is sought *has appeared in the action, he* (or, if appearing by representative, his

representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application. . . ." (Emphasis supplied.)

Heretofore, we have had no occasion to consider what is encompassed by an appearance within the contemplation of the foregoing statute. In his work, Kansas Code of Civil Procedure, annotated, Judge Gard, in commenting on the meaning of the section, says on page 254:

". . . Appearance by the party in *any* fashion entitles him to notice three days in advance of taking judgment." (Emphasis supplied.)

The verb "appear" has been defined in *Black's Law Dictionary, Fourth Edition*, page 125, as ". . . Coming into court by a party to a suit, whether plaintiff or defendant. . . ." See also *Madison v. State*, 31 Ala. App. 602, 20 So. 2d 541.

It seems to be generally accepted in those jurisdictions which have passed on statutes similar to ours that "appearance" and "answer" are not synonymous terms, an appearance being more comprehensive in its reach than an answer. In discussing the sense or purport of appearance, the New Jersey court in *In re Cool*, 19 N. J. Misc. 236, 18 A. 2d 714, says:

". . . The word 'appearance' is defined in Webster's New International Dictionary (2d ed.) 1940, as meaning in law, 'the coming into court of a party summoned in an action either by himself or by his attorney.' Technically there are several different kinds and methods of appearance. See *Am. Jur. Appearances*, § 1, &c. A default of *any* appearance by the defendant means a default in any one of several ways of making an appearance. ' "Any" applies to every individual part without distinction.' *Styles v. Freeholders of Union*, 50 *N. J. L.* 9, 11. A party's conduct as well as other circumstances are to be considered in determining whether he has actually appeared." (p. 238.)

In *Rio Del Mar Etc. Club v. Superior Court*, 84 C. A. 2d 214, 190 P. 2d 295, the California court said:

". . . There is a great difference between an 'appearance' and an 'answer.' Every 'answer' constitutes an 'appearance,' but every 'appearance' does not constitute the filing of an 'answer.' . . ." (p. 222.)

We agree with those authorities which hold that an appearance can be made in more ways than by filing an answer. Hence, we believe that the plaintiffs' action in taking default judgment against Perfecto without notice cannot be justified on the ground that a verified answer had not been filed.

Our research has revealed no reported cases where the factual situation has been identical with that which is presented here. Consequently, there is no authority precisely in point. However,

we think it cannot be gainsaid that the underlying purpose of our statute, as is true of notice statutes generally, is to afford every litigant the opportunity to be heard in opposition to a claim made against him once he has apprised his opponent, through court, of his denial of or resistance to the latter's claim. In our opinion, Perfecto Torrez had given notice of his opposition to the plaintiffs' contention prior to the time judgment was entered against him. The written instrument which Perfecto filed with the clerk of the court, and which the clerk recorded in the case, was effectively designed to impart to the plaintiffs his claim that he was not indebted to the judgment debtor. Not only is it clear that the instrument was intended by Perfecto to communicate such information, but plaintiffs' own counsel concedes that he had actual knowledge of the document and its contents at the very time he orally moved for judgment.

Clearly, this garnishee defendant never intended for one moment to permit the inference that he owed Main so much as a farthing. That he may have been so unversed in the intricacies of the law as to omit from his answer certain formalities required by statute detracts not one whit from the authenticity of his intentions nor, for that matter, from the clear import of the language he actually employed. We believe the inference may safely be drawn that Perfecto, in his untutored way, did what he believed was necessary to make plain to the plaintiffs, through the processes of court, that he owed Main nothing. We believe further that what Perfecto did to convey that intelligence to the Joneses fairly constituted an appearance within the contemplation of the statute.

In *Bank v. Prescott*, 60 Kan. 490, 57 Pac. 121, this court had under consideration the effect of an entry of appearance which accompanied the petition at the time suit was brought. In holding that the defendant had appeared as effectively as though he had filed a formal pleading, the court said:

". . . The intention of the defendant company was apparent from the terms used in the entry of appearance, and we can see no good reason for defeating the object sought to be accomplished." (p. 494.)

This legal premise would seem equally valid under the circumstances which confront us here, even though the facts of the present action differ from those present in Prescott.

We have not failed to note the plaintiffs' contention that a garnishment proceeding is an extraordinary procedure not governed

by the code of civil procedure. Examination of the authorities cited to support their argument disclose they are not decisive of the proposition under scrutiny here. Although K. S. A. 60-718 provides that judgment may be taken against a garnishee who fails to answer, no procedure is prescribed for taking such judgment.

The requirement that notice be given a litigant who has appeared in an action, before that litigant can be subjected to a default judgment, is a protection which we think the legislature meant to extend to all parties who have come into court in garnishment, as well as other civil proceedings. It would seem singularly just that a garnishee be given notice once he has put in an appearance and denied indebtedness. Otherwise, perfectly innocent bystanders may be placed in peril of being burdened with payment of obligations not their own.

In our opinion, the trial court erred in overruling Perfecto's motion to set aside the default judgment. Having appeared, he was entitled to the written notice prescribed by K. S. A. 60-255 (a) before the court might proceed to hear plaintiffs' application for judgment. The court's action in entering judgment against the garnishee defendant, in his absence and without notice to him, has resulted in substantial prejudice to his interests, and the judgment so obtained should have been vacated.

We are supported in our view by the several federal decisions interpreting Federal Rule 55 (b) (2), upon which our own statute is patterned. (*Bass v. Hoagland,* 172 F. 2d 205, cert. den. 338 U. S. 816, 94 L. Ed. 494, 70 S. Ct. 57; *Ken-Mar Airpark Inc. v. Toth Aircraft & Accessories Co. et al.,* (1952 D. C. Mo.) 12 F. R. D. 399; *Hoffman v. New Jersey Federation, Etc.,* 106 F. 2d 204; *Zaro v. Strauss,* 167 F. 2d 218; *Interstate Commerce Commission v. Smith,* 82 F. Supp. 39.) Of similar tenor are decisions from numerous state jurisdictions which have been collated and are shown in the annotation commencing at page 837 in 51 A. L. R. 2d.

Attention is also invited to the case of *Sharp v. Sharp,* 196 Kan. 38, 409 P. 2d 1019, in which we discussed the meaning of 60-255 (a), *supra,* in connection with the entry of a default judgment in a divorce proceeding and there held that the defendant had sufficiently "appeared in the action" to entitle him to the three-day written notice required by the statute.

We are cognizant of the plaintiffs' complaint that the trial court should have entered a finding that this appeal had been abandoned. No more need be said of this contention than that sometime ago

we overruled a prior motion to dismiss this appeal which was predicated on the same grounds now urged by plaintiffs.

The judgment of the court below is reversed with directions to sustain the garnishee's motion to set aside the default judgment.