No. 44,192

MARIE MILLER SHARP, *Appellee,* v. DAVID EVERETT SHARP, JR., *Appellant.*

(409 P. 2d 1019)

Opinion filed January 22, 1966.

*John T. Flannagan,* of Olathe, argued the cause, and *Howard E. Payne, W. C. Jones, Robert P. Anderson, Keith Martin,* and *H. Thomas Payne,* all of Olathe, were with him on the brief for the appellant.

*David W. Carson,* of Kansas City, argued the cause, and *John K. Dear, Ernest N. Yarnevich, John William Mahoney, Joseph T. Carey,* and *John H. Fields,* all of Kansas City, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This action was one commenced by the plaintiff-wife for separate maintenance and property division. Initially no effort appears to have been made to obtain service of summons on the defendant-husband. Thereafter plaintiff filed her first

amended petition for separate maintenance including as parties defendant a creditor of the parties and certain tenants occupying their jointly owned real estate located in Johnson County, Kansas. Plaintiff then sought but was unable to obtain personal service of summons on defendant. A second amended petition in which plaintiff asked for divorce was then filed together with an affidavit to obtain service upon defendant by publication. In the affidavit defendant's last known address was stated as being in Kansas City, Missouri. Proof of publication service was duly made, the notice of suit published reciting in part:

"The State of Kansas to David Everett Sharp, Jr., and all other persons who are or may be concerned:

"You are hereby notified that a petition for divorce has been filed in the District Court of Wyandotte County, Kansas, by Marie Miller Sharp, praying for a divorce and other relief, and you are hereby required to plead to said petition on or before the 27th day of July, 1964, in said court at Wyandotte County, Kansas. Should you fail therein judgment will be taken against you granting the plaintiff a divorce. . . ."

At 3:21 p. m. July 27, 1964, the defendant by his attorney filed a written request for a bill of particulars in the office of the clerk of the trial court together with a certificate that a copy thereof had been mailed to plaintiff's attorneys on the same day. The next morning, July 28, 1964, plaintiff appeared in court and by default was awarded what is entitled a decree of separate maintenance whereby she received all of the Kansas property, and a judgment of $1,500.00 for attorney fees. The trial judge, the plaintiff and her attorneys apparently were unaware of the filing of the aforesaid request by defendant the previous afternoon.

On August 5, 1964, defendant filed his motion to set aside the default judgment for numerous reasons. The only one which need be noticed now is that the judgment was entered without giving notice to defendant although he had entered an appearance in the case. It is conceded defendant had no notice of the hearing July 28, 1965, and was not present. This motion was overruled by the trial court September 21, 1964, hence this appeal.

K. S. A. 60-255 (a) provides:

"Upon request and proper showing by the party entitled thereto, the judge shall render judgment against a party in default for the remedy to which the party is entitled. . . . If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application."

Thus the question presented first for decision is whether or not a

request for bill of particulars duly filed in a divorce action constitutes such appearance as to entitle one filing it to the statutory three day written notice. Plaintiff argues the request did not constitute a responsive pleading as set forth in K. S. A. 60-207 and therefore defendant was not thereby entitled to the benefit of K. S. A. 60-255 (a).

Broadly speaking, an appearance may be defined as an overt act by which a party comes into court and submits himself to its jurisdiction and is his first act therein (6 C. J. S., Appearances, § 1; 5 Am. Jur. 2d, Appearance, § 1). Although the traditional distinctions between a general and a special appearance have now largely lost their significance under our present code (see *Small v. Small,* 195 Kan. 531, 407 P. 2d 491), most of our cases on the subject have dealt primarily with the problem of determining which kind of appearance resulted from a given action. Illustrative is *Meyer v. Schmidt,* 184 Kan. 21, 334 P. 2d 345, in which no service was obtained on a named nonresident defendant. Later an attorney filed a motion for additional time to plead on behalf of this defendant. More than two years thereafter, the attorney having previously withdrawn for want of a fee, judgment was rendered against the defendant. This court held that the filing of the motion for additional time to plead constituted an appearance in the case for the purpose of conferring upon the court personal jurisdiction over such defendant.

The request for a bill of particulars in an action for divorce is one defendant was entitled to make (K. S. A. 60-1604 [c]). It related directly to the merits of the action and called for affirmative action on the part of the plaintiff. K. S. A. 60-255 (a) does not delineate any particular kind of appearance which need be made before entitlement to notice perseveres. Subsection (a) of Federal Rule of Procedure 55, from which our rule is taken, authorizes the clerk of the trial court to make an entry of default against one who "has failed to plead or otherwise defend as provided by these rules," and 55 (b) authorizes the entry of a default judgment by the clerk against one defaulted "for failure to appear" when the claim is for a sum certain, and by the court in all other instances. In *Bass v. Hoagland,* 172 F. 2d 205, cert. den. 338 U. S. 816, 94 L. ed. 494, 70 S. Ct. 57, the court in discussing 55 (a) said:

"This does not require that to escape default the defendant must not only file a sufficient answer to the merits, but must also have a lawyer or be present in court when the case is called for a trial. The words 'otherwise defend' refer

to attacks on the service, or motions to dismiss, or for better particulars, and the like, which may prevent default without presently pleading to the merits." (p. 210.)

To read into the statute a requirement that before a party can be deemed to have "appeared in the action" he must have filed a responsive pleading on the merits would simply be inserting something which is not there. See *Jones v. Main,* 196 Kan. 91, 410 P. 2d 303, a case of like import, wherein the distinction between an "appearance" and "answer" is pointed out, and a similar conclusion reached. Hence we think by filing of his request defendant "appeared in the action" so as to entitle him to the statutory notice prior to taking a default judgment.

What is the effect of failure to give such notice? Our provision requiring notice is the same as Federal Rule 55 (b) (2). In such situations the federal courts have not hesitated to grant relief. In 3 Barron & Holtzoff, Federal Practice and Procedure, § 1215, the general rule is stated thus:

"Failure to give the required notice justifies an appellate court in reversing a default judgment. . . ."

Although there is some authority to the contrary we think reason as well as the majority of the cases on the subject, including our own, support this view (see annotation at 51 A. L. R. 2d 837, *et seq.*). A predecessor of K. S. A. 60-255 (*a*) may be said to be Rule 48 of this court relating to district court procedure under our former code (G. S. 1949, 60-3827, No. 48) providing that in all matters in which adverse counsel had appeared of record, no default judgment shall be rendered except after three days' notice to counsel. In *Potter v. Rimmer,* 173 Kan. 633, 250 P. 2d 771, this court reversed and remanded when this rule was violated.

In considering the motion to set aside the default judgment the trial court acknowleged its vulnerability but indicated the proper method of attack would be pursuant to K. S. A. 60-309, which procedure defendant did not employ. This latter statute applies to situations wherein a default judgment has been rendered upon service by publication without appearance by the defendant, the defendant being required *inter alia* to show by affidavit that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense. Manifestly defendant here could never avail himself of this remedy as he had actual notice of the suit during its pendency and in fact took a first and timely step toward making his defense. The law favors trial of causes

upon the merits and looks with disfavor upon default judgments. We think the entry of the default judgment without the requisite notice to defendant and the subsequent refusal to set it aside constitutes prejudicial, reversible error (see *Jones v. Main,* supra).

Plaintiff contends defendant's notice of appeal was not timely filed inasmuch as the default judgment was rendered July 28, 1964, and the notice of appeal was filed more than thirty days thereafter, to-wit, on October 20, 1964.

Defendant's motion attacking the judgment was filed August 5, 1964, or within ten days after its rendition. He asks that it be treated as a motion to alter or amend a judgment pursuant to K. S. A. 60-259 (*f*). This has been held by the federal courts to be a proper interpretation of their counterpart, Federal Rule 59 (e). In 3 Barron & Holtzoff, Federal Practice and Procedure, § 1308, we find this:

"The rule [59 (e)] has been interpreted as permitting a motion to vacate the judgment [citations]."

On this point see also *Woodham v. American Cystoscope Company of Pelham, N. Y.,* 335 F. 2d 551 (1964).

In view of the broad language used in 60-259 (*f*) this would seem to be reasonable, and consistent with our legislative mandate that all pleadings shall be so construed as to do substantial justice (K. S. A. 60-208 [*f*]). The trial court overruled the motion September 21, 1964, and within thirty days of that date, namely, on October 20, 1964, defendant filed his notice of appeal. Treated as a motion to alter or amend under K. S. A. 60-259 (*f*), it had the effect of rendering the notice of appeal timely filed by reason of K. S. A. 60-2103 (*a*), pertinent provisions of which are:

"The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subsection commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: . . . granting or denying a motion under section 60-259 to alter or amend the judgment. . . ."

Defendant has urged other errors relating to matters embodied in the default judgment, but in view of the disposition made they need not be noticed further.

The judgment and orders of the trial court are reversed with directions to sustain defendant's motion to set aside the default judgment.

APPROVED BY THE COURT.