(216 P.3d 718)
No. 101,167

ROBERT FORER, *Appellant*, v. MELISSA PEREZ-LAMBKINS,
*Appellant.*

Opinion filed September 25, 2009.

*Robert Forer*, appellant pro se.

*Geoffrey Clark*, of Wilbert & Towner, of Pittsburg, for appellee.

Before RULON, C.J., ELLIOTT and HILL, JJ.

HILL, J.: This is an appeal of an order granting default judgment on a counterclaim. The district court entered judgment against Robert Forer at a pretrial conference, without any request from the defendant who brought the counterclaim. Under our Code of Civil Procedure, a party who has made an appearance in a case is entitled to a 3-day notice before the court can entertain an application for default judgment. K.S.A. 60-255(a). Obviously, Forer had made an "appearance" since, as plaintiff, he was the one who filed the petition that started the lawsuit. But, because Forer received no 3-day notice as set out in the Code, we hold the district court erred when it, on its own motion, entered the judgment. We reverse and remand.

*Forer was slow to respond from the start of the lawsuit.*

Forer sued Melissa Perez-Lambkins for conversion and breach of contract in October 2003. Perez-Lambkins answered Forer's

petition and counterclaimed for damages of $954.50. On November 9, 2004, Perez-Lambkins moved for summary judgment. Then from December 2004 until March 2005, the district court granted Forer three extensions of time to respond to this motion. Finally, in March 2005, Perez-Lambkins filed a pretrial questionnaire addressing Forer's claims and reiterating her claim for damages.

Finally, on the day of the pretrial conference on the case, May 10, 2005, Forer filed a pretrial questionnaire and a response to the motion for summary judgment. That same day, the district court heard Perez-Lambkins' motion for summary judgment. The district court noted it gave Forer several extensions to respond to the motion for summary judgment. The court stated that the recently filed response was "several months beyond the time for doing so." The court noted Forer's response failed to controvert any of Perez-Lambkins' proposed statements of uncontroverted fact. With that in mind, the court deemed Forer to have admitted those statements and granted summary judgment on the fraud and conversion claims to Perez-Lambkins. The court denied Forer's request to file another response out of time, finding no "excusable neglect or just cause," but granted Forer additional time to deal with his contract claim and set a trial date.

Then, the court noted Forer had not filed an answer to Perez-Lambkins' counterclaim. It was served on Forer over 15 months earlier. Perez-Lambkins told the court she would file a written motion for default judgment on the counterclaim, noting she "just noticed" she had not received an answer. Despite this, the district court granted default judgment at that time. Forer moved for reconsideration, which was denied by the court.

*This case calls for the interpretation of K.S.A. 60-255.*

Relying on K.S.A. 60-255(a), Forer argues the default judgment should be reversed because Perez-Lambkins did not file a motion for default judgment. Forer claims no Kansas statute permits a district court to grant default judgment *sua sponte* and provides an unpublished case as support. Statutory interpretation is a question of law over which an appellate court exercises unlimited review. *State v. Cott*, 288 Kan. 643, 645, 206 P.3d 514 (2009).

The statute in question, K.S.A. 60-255(a), clearly requires a 3-day notice to a party who has appeared in a case before default judgment is allowed:

"Upon request and proper showing by the party entitled thereto, the judge shall render judgment against a party in default for the remedy to which the party is entitled. . . . If the party against whom judgment by default is sought has appeared in the action, he or she (or, if appearing by representative, his or her representative) shall be served with written notice of the application for judgment at least three (3) days prior to the hearing on such application."

We note there are no exceptions listed in the statute. The question then becomes can the court on its own do what the statute does not permit a party?

No published Kansas case appears to address the issue. But a panel of this court did consider the subject in *Federal Land Bank of Wichita v. Keiswetter*, No. 58,728, unpublished opinion filed October 23, 1986. Then again, as recently as 2008 this court addressed the issue in *State v. Buddenhagen*, No. 98,197, unpublished opinion filed March 14, 2008.

In *Keiswetter*, a foreclosure action, this court reversed the district court's order granting default judgment for two reasons. First, the nondefaulting party did not apply for or request default judgment. Second, Keiswetter was not given a 3-day notice of an application for default judgment. Slip. op. at 6. Even though on appeal the court could not conclude Keiswetter had in fact failed to file an answer, the court explained that the result would be the same even if Keiswetter had defaulted. Slip op. at 4.

Then in *Buddenhagen*, a paternity action, a panel of this court reversed a default judgment for failure to comply with K.S.A. 60-255(a). Slip op. at 9. In that case, the State did not move for default judgment, the court entered judgment on its own because Buddenhagen failed to appear at the hearing. Buddenhagen received no 3-day notice of hearing.

Going further, we have no doubt that Forer was in default on the counterclaim. K.S.A. 60-212(a) directs a plaintiff to serve a reply to a counterclaim made by a defendant in an answer within 20 days after service of the counterclaim unless otherwise directed by the court. Forer never filed a reply. Despite this, a 3-day notice

must be given to the party against whom the default judgment is sought under K.S.A. 60-255(a). The court in *Simmon v. Bond,* 6 Kan. App. 2d 766, 769-70, 634 P.2d 1148 (1981), held the district court abused its discretion in granting default judgment *even though* the defaulting party failed to file an answer because he was not given proper notice and the moving party would not have been prejudiced or delayed by the filing of a late answer. The court stated: "A trial judge, upon proper notice, ordinarily would be justified in granting default judgment against a party who proceeded to trial without filing an answer." 6 Kan. App. 2d at 770.

We must point out that when parties to a lawsuit have sought default judgment our courts have routinely held that failure to comply with the 3-day notice requirement constitutes reversible error. For example in the case *In re Marriage of Thompson,* 17 Kan. App. 2d 47, 55-57, 832 P.2d 349 (1992), this court reversed a child support order granted without the required notice. See also *Sharp v. Sharp,* 196 Kan. 38, 41-42, 409 P.2d 1019 (1966) (holding default judgment without required notice and subsequent refusal to set aside judgment constitutes reversible error); *Wellsville Bank v. Sutterby,* 12 Kan. App. 2d 585, 588, 752 P.2d 700 (1988) (holding failure to comply with 3-day notice renders judgment voidable and justifies setting judgment aside); *Keiswetter,* slip op. at 4.

*Perez-Lambkins' arguments are unpersuasive.*

Perez-Lambkins claims Forer received notice that default judgment was being sought against him from her pretrial questionnaire served on Forer. Although this document indeed reminded Forer of the counterclaim, it did not give notice of the defendant's intent to seek default judgment on that counterclaim at the pretrial conference. In fact, the document specifically noted that a motion for summary judgment was pending and indicated only that Perez-Lambkins "may file" a motion in limine.

Essentially, Perez-Lambkins does not address this issue in detail and merely notes that no written application for default judgment was made in *Bazine State Bank v. Pawnee Prod. Serv., Inc.,* 245 Kan. 490, 781 P.2d 1077 (1989), *cert. denied* 495 U.S. 932 (1990). *Bazine* is not persuasive. One of the parties in that case orally

moved for default judgment, the district court did not rule on the motion that day, and notice of the motion was mailed to all parties prior to the ex parte grant of default judgment. Thus, default judgment was not granted *sua sponte* as it was here. See 245 Kan. 490, Syl. ¶¶ 2-3.

District courts must comply with the procedure set forth in the statute. Because K.S.A. 60-255(a) specifically states the district judge shall render default judgment "upon request," this court will not uphold a grant of judgment that does not occur under circumstances that do not comply with the statute. After all, when a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be.

Reversed and remanded for further proceedings.