NOT DESIGNATED FOR PUBLICATION

No. 119,774

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SHANAE' ELEM,
*Appellee*,

v.

ZACHARIAH ELEM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; THOMAS G. LUEDKE, judge. Opinion filed April 19, 2019. Vacated.

*Chase L. Miller*, of Miller & Miller, Chtd., of Emporia, for appellant.

No appearance by appellee.

Before ARNOLD-BURGER, C.J., PIERRON, J., and MCANANY, S.J.

ARNOLD-BURGER, C.J.: Zachariah Elem argues that the district court abused its discretion when it failed to set aside a default judgment entered against him in a protection from stalking case. No response was filed by the petitioner in the case— Zachariah's ex-wife, Shanae Elem. Because we find that the district court abused its discretion by (1) failing to give Zachariah seven days' notice before entry of the default judgment; (2) adding another person to the protection order with no notice to Zachariah; and (3) erroneously concluding that the evidence was sufficient to support a finding of stalking on the part of Zachariah, we vacate the district court judgment.

1

The marriage of Zachariah and Shanae lasted about three and a half years. They had no children together, but they both brought a child into the marriage, Zachariah a son and Shanae a daughter. After the divorce, Zachariah wanted to maintain contact with Shanae's daughter whom he had helped raise during their marriage.

Around four months after the divorce, in January 2018, Zachariah attended a service at the church the family attended before the divorce. At the service, Zachariah interacted with Shanae's daughter. Shanae described the incident as "explosive." Zachariah described the incident as "happy" to the point of tears as the daughter greeted him upon his arrival.

The next week, Zachariah went to church again to visit with Shanae's daughter. Subsequently, Shanae "sent [him] a nasty text message stating that she was not going to allow [him] to visit" her daughter anymore at church.

The same month, Zachariah sought to make contact with Shanae to provide her with tickets so she and her daughter could attend a magic show with Zachariah and his son. Zachariah asserted that he and Shanae had been discussing the event in the days before he tried to deliver the tickets. He arrived at her house after 9 p.m. at her request. Shanae characterized the attempted delivery as showing up "uninvited."

The next month, Zachariah again attended church with his son. Zachariah admits that Shanae refused to allow him to have contact with her daughter. Zachariah used his phone to video record the interaction and told Shanae he would use the video in future visitation hearings.

The next day, Shanae prepared a protection from stalking petition in the district court. On the petition, Shanae checked the box indicating she was seeking protection only for herself, but she later listed her daughter as a minor who needed protection. The petition referenced the church visits and uninvited house visit. Shanae referenced the death of Zachariah's mother, his military service, and his ownership of guns as reasons she feared Zachariah was "increasingly emotionally unbalanced" and the cause of great concern for her safety.

Zachariah alleged that even while she was preparing and filing the petition, Shanae had continued to invite him to her house or work to drop off gifts.

The day after the petition was filed, the district court issued a temporary order of protection from stalking against Zachariah. The district court listed Shanae as the protected person and crossed out her daughter's name. A hearing was set for March 6, exactly 21 days after the petition was filed. K.S.A. 2017 Supp. 60-31a05(a) (hearing must be held within 21 days of filing of petition).

Before the hearing date, Zachariah filed what he characterized as a "response and motion to dismiss." In it, Zachariah addressed Shanae's allegations and contended that the allegations, even if true, did not meet the statutory definition of stalking. The next day, Zachariah filed an emergency motion which was substantially the same as his response and motion to dismiss. The only material change was addition of a statement that not dismissing the case "would cause irreparable harm by subjecting [Zachariah] to being arrested for hugging and kissing [his] daughter at church."

Within 24 hours of both motions being filed, and just over two hours after Zachariah's emergency motion was filed, the district court denied both of Zachariah's motions "in their entirety." The district court found that Shanae had established a prima

3

facie case of stalking, but left open the option for Zachariah to renew his motion for dismissal after the hearing.

At the March 6 hearing, both parties appeared pro se. Shanae requested a 60-day continuance to seek legal counsel. Zachariah objected and argued that Shanae initiated the proceedings and already had almost a month to obtain counsel. The district court granted a 30-day continuance to April 5. After considerable discussion, both parties agreed that they would be able to attend on April 5. At Zachariah's request and with no objection from Shanae, the district court also modified the temporary protection order to permit Zachariah to attend church as long as he did not make contact with Shanae. The district court made it clear that the petition and temporary order only covered Shanae, not her child.

Three days after the hearing, Zachariah filed two documents in the district court. The first was a motion to dismiss for lack of subject matter jurisdiction under the Federal Rules of Civil Procedure. The second was a request for production which sought several discovery items.

On March 23, Shanae filed, through counsel, a motion for continuance from both the March 30 motion hearing set in response to Zachariah's motion to dismiss for lack of subject matter jurisdiction and the April 5 hearing on the stalking petition because of conflicts with other hearings already on her counsel's schedule. She also subsequently responded to Zachariah's motion to dismiss for lack of subject matter jurisdiction.

Two weeks later, Zachariah filed two more motions. The first was a motion to compel and the second was a motion to continue the hearing from April 5. The motion to compel sought to have Zachariah's discovery requests fulfilled. Zachariah alleged that Shanae or her counsel had outright refused to provide some discovery and said that she would provide other discovery after the requested date "if she had time." Among other

4

reasons for the continuance request, Zachariah asserted that the continuance was appropriate because Shanae had not responded to interrogatories and discovery requests.

The district court did not rule on either party's pending motion for continuance before the hearing scheduled for April 5.

At the hearing on April 5, Shanae appeared with counsel, but Zachariah did not appear. The district court inquired whether Shanae wanted to request a default order. Through counsel, Shanae responded that she was requesting a default order and attorney fees for responding to what her counsel considered frivolous motions. Through counsel, Shanae also alleged that Zachariah violated the temporary protection order by serving her at her home with the interrogatories and motions filed in the case. Shanae argued that the responses to Zachariah's discovery request were not due until April 9, and that she appropriately refused to comply with the discovery timeline in Zachariah's request. Shanae also requested that the final protective order include her daughter as a protected person.

The district court prepared and entered a default judgment and final protective order that included Shanae and her daughter as protected persons and ordered payment of $500 in attorney fees. No witnesses testified at the hearing. Shanae did not offer or submit any affidavits. The district court indicated on the final order that the petition was granted because Zachariah was personally served and failed to appear.

On May 1, Zachariah moved to set aside the default judgment and set the matter for trial. Zachariah alleged that the court had not given him a reasonable opportunity to defend against the claims and that Shanae obtained the addition of her daughter to the order by corruption. The district court denied the motion on June 18 in part because it found that Zachariah "filed a motion to continue [the April 5] hearing. The motion to

5

continue was denied by the Court. Respondent, thereafter, failed to appear and a default judgment was taken against him." Zachariah filed a notice of appeal on July 11.

ANALYSIS

The sole issue on appeal is whether the district court erred in denying Zachariah's motion to set aside the default judgment entered against him when he failed to appear on April 5. We begin with our standard of review.

*Our standard of review is abuse of discretion.*

Generally, whether to set aside a default judgment is well within the discretion of the district court and will not be disturbed on appeal absent a showing of abuse of discretion. *State ex rel. Stovall v. Alivio*, 275 Kan. 169, 172-73, 61 P.3d 687 (2003). "[A] district court's discretion is abused where the judge's action is (1) arbitrary, fanciful, or unreasonable, (2) based on an error of law, or (3) based on an error of fact." *Garcia v. Ball*, 303 Kan. 560, 566, 363 P.3d 399 (2015). An abuse of discretion also occurs if the court's discretion is guided by an erroneous legal conclusion or goes outside the framework of or fails to consider proper statutory limitations or legal standards. *Matson v. Kansas Dept. of Corrections*, 301 Kan. 654, 656, 346 P.3d 327 (2015); *Bereal v. Bajaj*, 52 Kan. App. 2d 574, 580, 371 P.3d 349 (2016).

*Default judgments in general are allowed in limited circumstances and in a limited manner.*

The law allows default judgments in a limited number of circumstances and in a limited manner as set out in K.S.A. 2018 Supp. 60-255(a).

6

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the party is in default. On request and a showing that a party is entitled to a default judgment, the court must render judgment against the party in default for the remedy to which the requesting party is entitled. . . . If the party against whom a default judgment is sought has appeared personally, or by a representative, that party or its representative must be served with written notice of the request for judgment at least seven days before the hearing."

We are also guided by the rule that default judgments are not favored in the law. *Jenkins v. Arnold*, 223 Kan. 298, 299, 573 P.2d 1013 (1978). In determining whether to set aside a default judgment, a court should resolve any doubt in favor of the motion so that the court can decide cases on their merits. 223 Kan. at 299.

*The default judgment must be set aside.*

With those rules in mind, and applying the facts to the case before us, we find that the district court abused its discretion in three ways by failing to set aside the default judgment against Zachariah.

*(1) Zachariah was not given seven days notice of default.*

Although Shanae and Zachariah both requested continuances from the April 5 court date, the judge did not rule on the motions prior to the hearing. Shanae appeared in person and with her attorney. Zachariah failed to appear. Legally, the district court could have proceeded with the hearing about Shanae's protection from stalking action despite Zachariah's absence. The court had Zachariah's written response to the allegations. Instead, the district court asked whether Shanae wanted to request default judgment. She took the judge up on the sua sponte offer. Zachariah timely moved to set aside the default judgment.

Under K.S.A. 2018 Supp. 60-260(b)(4), a district court may grant relief from a judgment, including a default judgment, when the judgment is void. "A void judgment is a nullity and may be vacated at any time." *Bazine State Bank v. Pawnee Prod. Serv., Inc.*, 245 Kan. 490, 496, 781 P.2d 1077 (1989). Moreover, if the court acted in a manner inconsistent with due process, the judgment is void. 245 Kan. at 496. Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *State v. Wilkinson*, 269 Kan. 603, 608, 9 P.3d 1 (2000). Kansas courts have routinely held that failure to comply with the default judgment notice requirement constitutes reversible error. *Forer v. Perez-Lambkins*, 42 Kan. App. 2d 742, 745, 216 P.3d 718 (2009).

Here, K.S.A. 2018 Supp. 60-255(a) requires that if the party against whom a default judgment is sought (Zachariah) has appeared personally he must be served with written notice of the request for default judgment at least seven days before the hearing.

As a pro se litigant, Zachariah was subject to the same procedural rules as a litigant represented by counsel. See *Leffel v. City of Mission Hills*, 47 Kan. App. 2d 8, 21, 270 P.3d 1 (2011). But appellate courts must liberally construe pro se pleadings to give effect to the content rather than rely on the form or label of the pleading. 47 Kan. App. 2d at 21. Zachariah's first motion, characterized as a response which addressed each point raised by Shanae, can easily be construed as an answer which denied the allegations and contested several facts. Although he did not specifically define his pleading as an answer, he responded pro se by denying the allegations in a narrative format—the same narrative format that Shanae, also pro se, used to set out the allegations in her petition.

We pause to note that we were not asked to nor do we rule here on whether a responsive pleading as described in K.S.A. 2018 Supp. 60-212 is required in response to a protection from stalking petition. Under that statute a responsive pleading is required within 21 days of service. As for a protection from stalking action, the court is required to

8

hold a hearing within 21 days of filing the petition. At the hearing, the defendant "shall have an opportunity to present evidence on the defendant's behalf." K.S.A. 2017 Supp. 60-31a05(a). This appears to negate the requirement of a written responsive pleading, but we leave that discussion for another day. In any event, in this case, Zachariah filed a written response to Shanae's petition.

Zachariah also appeared at the first hearing—set within 21 days of filing the petition—announced he was ready to proceed and objected to any continuances. So we find that for the purposes of the default judgment statute, Zachariah appeared personally in this case by responding to the allegations in the petition the day following the issuance of the temporary protection order and appearing at the first hearing.

Yet even though he had appeared to defend the action, there was no notice given to Zachariah that Shanae would be requesting a default judgment. Such a notice could easily be included in any notice of hearing. In other words, the defendant could be advised that failure to appear at the hearing may result in the court entering a default judgment against him or her. There was no such notice in this case. The district court entered default judgment on the same day and during the same hearing in which Shanae orally requested the default order.

"[T]he entry of the default judgment without the requisite notice to defendant and the subsequent refusal to set it aside constitutes prejudicial, reversible error." *Sharp v. Sharp*, 196 Kan. 38, 42, 409 P.2d 1019 (1966). Accordingly, the district court committed an error of law and thereby abused its discretion when it failed to set aside the default judgment entered on April 5.

*(2) The district court added a person to the protection order without notice to Zachariah.*

The district court added Shanae's daughter as a protected person at the April 5 hearing. This addition was accomplished with no notice whatsoever to Zachariah. In fact, at prior hearings the district court had made it clear that based on the petition Shanae filed, Shanae's daughter was not part of the order. Zachariah had no notice or meaningful opportunity to be heard on this addition. So the refusal of the district court to set aside the default judgment ordering Zachariah to have no contact with Shanae's daughter when she was not included in the petition was unreasonable and an error of law both of which establish an abuse of discretion.

*(3) The evidence was insufficient to prove by a preponderance of the evidence that Zachariah was stalking Shanae.*

The default judgment statute permits the district court to enter default judgment "for the remedy to which the requesting party is entitled." K.S.A. 2018 Supp. 60-255(a). Under the protection from stalking statute, Shanae is entitled to a protective order upon proof "by a preponderance of the evidence" that Zachariah was stalking her. K.S.A. 2017 Supp. 60-31a05(a).

As with most default judgments, the district court received no evidence beyond the pleadings. Only the facts from the verified petition, when treated as an affidavit, could be considered evidence. We have de novo review of cases decided on the basis of documents and stipulated facts. *In re Trust D of Darby*, 290 Kan. 785, 790, 234 P.3d 793 (2010)

Zachariah argues that the bare facts alleged in the petition do not establish the facts necessary for relief under the statute. Shanae was, therefore, not entitled to the

10

protection order. As a result, he asserts, it was error to enter default judgment for a remedy to which the requesting party was not entitled. We agree.

In the verified petition, Shanae described the stalking incidents:

"Since the divorce, Zach has been harassing me and my daughter (who is not his biological child). First, he came to church on January 21st and disrupted our worship experience with an explosive reaction from my daughter. I told him that was unacceptable. He showed up the following Sunday during the last 5 minutes of service soliciting the same reaction from my daughter.

"Second, Zach called and texted my phone repeatedly on Wednesday January 31st. I did not respond. He showed up at my apartment at 9:30 pm and knocked on my door for 10 minutes. I did not answer. Then I reminded him not to show up at my house uninvited.

"Finally, he showed up at my church again on Sunday Feb 11th 2018. This time he insisted on taking pictures with her. When I resisted, he started recording the incident.

"Zach showed controlling and manipulative behaviors all throughout the latter part of our marriage. He became increasingly emotionally unbalanced after the passing of his mother and after two overseas assignments flying Unmanned Arial Vehicles (UAVs). He carries a firearm and even purchased an assault rifle during our time going through the divorce. I've picked up on all of the cues for control and intimidation. While he has never hit me, I fear that a situation could escalate to that. I lie awake at night listening to every little sound and checking the front door every hour. Every point of contact gets more abrasive as he demands more. He is using my daughter to try to hurt me and as he continues to not get his way, I fear that he may physically lash out at me. His communication attempts indicate that he is emotionally spiraling out of control the more he does not get his way."

The stalking statute in effect at the time of the alleged events defined several terms:

"(b) 'Stalking' means an intentional harassment of another person that places the other person in reasonable fear for that person's safety.

"(c) 'Harassment' means a knowing and intentional course of conduct directed at a specific person that seriously alarms, annoys, torments or terrorizes the person, and that serves no legitimate purpose. 'Harassment' shall include any course of conduct carried out through the use of an unmanned aerial system over or near any dwelling, occupied vehicle or other place where one may reasonably expect to be safe from uninvited intrusion or surveillance.

"(d) 'Course of conduct' means conduct consisting of two or more separate acts over a period of time, however short, evidencing a continuity of purpose which would cause a reasonable person to suffer substantial emotional distress. Constitutionally protected activity is not included within the meaning of 'course of conduct.'" K.S.A. 2017 Supp. 60-31a02(b)-(d).

In sum, stalking requires harassment, and harassment requires a course of conduct. Based on these definitions, the statute excludes constitutionally protected activities from the meaning of stalking.

We agree with Zachariah that the facts alleged in Shanae's verified petition, alone and without additional evidence, are insufficient to prove by a preponderance of the evidence that Zachariah was stalking Shanae. We submit these three reasons for our conclusion that the district court abused its discretion in finding the evidence was sufficient.

First, absent a showing that the activities were somehow unlawful, Zachariah's attendance at public church services is protected under the First Amendment to the United States Constitution. Similarly, Zachariah's otherwise lawful ownership and possession of guns are protected under the Second Amendment. On their own, these actions likely cannot contribute to stalking.

12

Second, Shanae did not allege that Zachariah did anything but attend the church service in the first instance. She did not allege that he communicated with her in any way, though she did say that she directed communication to him. In the second instance of Zachariah attending church, Shanae alleged no other act whatsoever. In the final instance, Shanae alleged actions that, by her own account, were not directed at her until she intervened.

Third, Shanae's allegations also failed to connect the alleged incidents of harassment to her fear for her personal safety. Shanae pointed to unarticulated "controlling and manipulative behaviors" from the period when the two were married as a basis for concern. Shanae also pointed to Zachariah's emotional state, prior military service, and gun ownership as reasons that she feared for her own personal safety. None of those constitute acts which, on their own, can meet the definition of stalking. The subjective connection between those allegations and Shanae's fear is insufficient to establish that the acts complained of amounted to stalking.

We find that these alleged facts cannot support a finding by a preponderance of the evidence that stalking occurred. Although the statute requires a course of conduct, meaning two or more incidents, none of the three incidents alleged are enough to meet the definition of stalking. Accordingly, the district court abused its discretion by an erroneous factual and legal conclusion that the pleadings supported the need for a protection from stalking order.

The judgment of the district court, including the award of attorney fees, is vacated.

Vacated.

* * *

13

MCANANY, J., concurring in part and dissenting in part: I concur with the conclusion that the default judgment must be set aside because Zachariah was not given seven days notice of default and because the district court added Shanae's daughter to the protection order without notice to Zachariah. But I respectfully disagree with the panel's conclusion that the verified allegations in Shanae's petition were insufficient to support a protection from stalking order.

I do not base my conclusion on the events at the church. The presence of Zachariah at church on January 21 and January 28, 2018, caused an emotional reaction in Shanae's daughter, who is not a party to these proceedings and for whom no protective order was sought. But those encounters did not place Shanae in reasonable fear for her own safety. Likewise, the third church incident on February 11, 2018, involved Zachariah attempting to take photos with the child. There is no claim that this placed Shanae in reasonable fear for her own safety.

But I would find that the facts asserted in Shanae's verified petition regarding the events on January 31, played out against the background of events recited in the final paragraph of the petition, and without any contrary or explanatory testimony from Zachariah, establish a course of conduct—"two or more separate acts over a period of time, however short"—of harassment that placed Shanae in reasonable fear for her own safety. See K.S.A. 2017 Supp. 60-31a02(d).

The fact that Zachariah engaged in protected activities under the First and Second Amendments to the United States Constitution is not grounds for an order of protection. As K.S.A. 2017 Supp. 60-31a02(d) clearly states, "Constitutionally protected activity is not included within the meaning of 'course of conduct.'" But it certainly can be a factor, along with the other assertions in the final paragraph of the petition, in deciding whether Shanae has shown "two or more separate acts over a period of time, however short" that

14

placed her in reasonable fear for her own safety. I would find that Shanae has stated an actionable claim for relief.