No. 20,087.

THE CAHILL SWIFT MANUFACTURING COMPANY, *Appellant*, v. T. P. HAYES, *Appellee*, et al.

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

1. CITY COURT—*Jurisdiction—Presumptions that Official Acts were Rightfully Performed.* Where the jurisdiction of a city court having judicial powers like those of a justice of the peace has lawfully attached, the ordinary rule of law that "all official acts are presumed to have been rightfully done" prevails; and there is no presumption that by repeated continuances the court lost jurisdiction of a cause pending before it.

2. SAME—*Want of Jurisdiction—Burden of Proof.* The burden is on the party who challenges the legality of official action to prove the irregularity of its exercise, and he must meet and overcome the presumption of its regularity and legitimacy; otherwise his challenge can not be sustained.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion denying a rehearing filed June 10, 1916. (For original opinion of reversal see 97 Kan. 740, 156 Pac. 735.)

*E. L. Foulke, C. A. Matson,* and *J. D. Wall,* all of Wichita, for the appellant.

*Glen Porter,* of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:    The petition for rehearing, among other matters which are not persuasive, contains a complaint that we failed to comment on the proposition advanced by appellee that the several continuances operated to deprive the city court of jurisdiction.   It is said:

"It is a well established rule of law that a Court having a Justice of the Peace jurisdiction is a Court of limited jurisdiction and that there are no presumptions in favor of a jurisdiction of such Courts, or of any of said Court's acts; but that one who claims the validity of the judgment of a Justice of the Peace must show affirmatively that the Court had jurisdiction and the record of said Court must show affirmatively every judicial fact and every act which gives the Court jurisdiction. . . . If this Court wishes to say that a Justice of the Peace, or a City Court, is not a Court of limited jurisdiction created by Statute, and wishes to say that everything is presumed in favor of a judgment of the Justice of the Peace Court, or a City Court and wishes to say that one contesting the jurisdiction of a Court and contesting the judgment of such Court must prove that said Court did not have jurisdiction and must prove that the judgment was not rendered with jurisdiction when the record is absolutely silent upon the judicial fact, then I believe it is the right of this defendant to have the same in the opinion in this case."

It may be conceded that a city court, like that of a justice of the peace, is one of limited jurisdiction; but the contention is truly novel that there is no presumption of the regularity of the proceedings in such a court when once its jurisdiction has attached.   We believe the rule to be fundamental, not only in Kansas but throughout all states and countries where either the *common* or the *civil* law prevails, that the acts of any official, not alone those of a magistrate, but of any official of any department of government, when within the general scope of his powers are presumed to have been regularly and lawfully done.   This rule was crystallized into a maxim before law and rules of law were written in the English tongue.   See the variations of the ancient maxim, *"Omnia rite esse acta præsumuntur,"* meaning all official acts are presumed to have been rightfully done," in 2 Bouvier's Law Dictionary.   The burden is on the party who assails their regularity.   The appellant has not sustained that burden merely by showing the repeated continuances.   He should have gone further and established prejudicial irregularity in these continuances.

In 11 Cyc. 693, it is said:

"The mere exercise of jurisdiction by courts of inferior, limited, or special jurisdiction does not raise a presumption of the existence of the requisite jurisdictional facts, for nothing is presumed to be within the jurisdiction of such courts, except that which expressly appears to be so. The rule applies to jurisdiction over the subject-matter of the judgment, and the parties. But where these courts have not transcended their powers, and jurisdiction is once established, or has once actually attached, the validity of subsequent proceedings will be presumed until the contrary be shown, nor will such jurisdiction be lost in such case by an irregularity in the mode of exercising it. Again, if the jurisdiction of the special or inferior tribunal over the subject-matter be made to appear upon the face of the proceedngs, the maxim *omnia præsumuntur rite esse acta* applies."

(See, also, 23 Cyc. 1082, 1083.)

The petition for a rehearing is denied.