(270 P.3d 1)

No. 103,880[1]

RUSSELL LEFFEL and PAULA LEFFEL, *Appellants*, v. CITY OF MISSION HILLS, KANSAS, and CITY OF MISSION HILLS, KANSAS, BOARD OF ZONING APPEALS, *Appellees*.

---

[1]**REPORTER'S NOTE:** Previously filed as an unpublished opinion, the Supreme Court granted a motion to publish pursuant to Rule 7.04 (2011 Kan. Ct. R. Annot. 57). The published version was filed with the Clerk of the Appellate Courts on February 6, 2012.

Opinion filed August 26, 2011.

*Russell C. Leffel* and *Paula H. Leffel*, appellants pro se.

*Neil R. Shortlidge*, of Stinson Morrison Hecker LLP, of Overland Park, for appellees.

Before HILL, P.J., GREEN and BRUNS, JJ.

GREEN, J.: In an appeal following a remand to the trial court, Russell and Paula Leffel challenge the trial court's decision to affirm the denial of the Leffels' application for a building permit by

the City of Mission Hills Board of Zoning Appeals (BZA). The Leffels argue that the trial court applied an incorrect standard of review of the BZA's decision, that the BZA did not properly follow this court's mandate in its reconsideration of the application, and that the Leffels were denied due process in the reconsideration process. We disagree. Accordingly, we affirm.

The Leffels own a residence at 6408 Willow Lane in Mission Hills and proposed to build a new residence on a vacant lot, which they also owned, at 6400 Willow Lane. The architectural review board (ARB) approved amended construction designs on May 9, 2006, but the ARB's approval was later reversed by the BZA on July 13, 2006.

The Leffels appealed, and the trial court reversed the BZA decision. The trial court concluded that the BZA's reliance upon the majority of voiced public opinion about the proposed building project constituted an impermissible plebiscite. The trial court further found the BZA's implementation of its standard of comparison between the proposed building project and surrounding structures to be unreasonably contradictory, confusing, and inconsistent. Finally, the trial court believed that the BZA had employed an improper de novo review of the ARB's decision.

The City of Mission Hills appealed the trial court's decision to this court. This court affirmed the trial court's determination that the BZA had conducted an impermissible plebiscite, though acknowledging that consideration of neighboring property owners was a legitimate aspect of zoning decisions. Nevertheless, this court rejected the trial court's other grounds for reversing the BZA decision, noting the deference a court must give to the final agency action. Accordingly, this court reversed the trial court's decision in part and remanded the case to the trial court with directions to remand the case to the BZA for reconsideration of the building application in light of the appellate court's decision. *Leffel v. City of Mission Hills*, No. 99,336, unpublished opinion filed December 5, 2008 (Kan. App.) (*Leffel I*), slip op. at 4, 6-8, 11-15.

On remand, the BZA entertained suggestions regarding the procedure to be used in the reconsideration phrase. Pete Heaven, the BZA's legal counsel, indicated that the reconsideration should be

accomplished by review of the record without considering additional evidence. Doug McKenna, counsel for the Leffels, objected to a reconsideration based entirely on the previous record and requested the opportunity to present additional evidence and arguments. In discussing the scope of the remand, BZA Chairman Tom Roszak expressed a desire to receive input from the ARB as to the style and design aspects of the proposed building project and suggested that the BZA adopt a definition of "surrounding structures" that is consistent with the notice provisions, *i.e.*, an area extending 500 feet from the proposed construction site. The other BZA members agreed. The BZA proposed to send the matter to the ARB for a limited consideration of the proposed project's style and design conformity with structures within a 500-foot radius of the project. Courtney Christensen, the city administrator, asked whether the ARB's review would be limited to the record, but Heaven suggested that the BZA could not dictate the procedure used by the ARB. The BZA unanimously voted to "remand this matter to the ARB for consideration of the surrounding structures in the 500-foot notice area in terms of style [and] design."

The ARB issued a letter to the parties on June 23, 2009, outlining the procedure the ARB planned to use in its review of the Leffels' proposed building project. The ARB indicated that it had received 75 photographs by city staff members of homes within 500 feet of the proposed building project and that each board member was asked to individually view the 75 homes within the "surrounding structures" area and review the plans for the proposed building project before meeting in a quasi-judicial deliberative session on June 30, 2009. The ARB indicated that it would not receive arguments, evidence, or testimony at the June 30 meeting.

The Leffels responded with a letter objecting to the proposed procedure, arguing that the ARB should merely review the evidence in the record to determine whether its previous decision was limited to a comparison of structures within 500 feet of the proposed building project.

At the June 30 meeting, the ARB proposed to consider the question directed by the BZA in quasi-judicial deliberative session. The ARB indicated that it would consider the staff photographs. The

Leffels requested that the ARB permit Drew Loboda, a former ARB member, to participate in the deliberative session and proffered photographs of homes with comments by Paula Leffel. The Leffels also indicated that Jim Scovell and the architect of the project, Bob Gould, were available for questions. The ARB indicated that it was considering no new evidence other than the photographs provided by the city staff members and observations by board members personally visiting the area.

On July 14, 2009, the ARB adopted a resolution recommending to the BZA that the proposed building project did not conform to the style and design of the surrounding structures, as that term was defined by the BZA. In adopting its resolution, the ARB specified that it had considered the application and plans originally approved by the ARB, staff reports and minutes of ARB and BZA meetings, and photographs of all residences within a 500-foot radius of the proposed building site. In addition, each ARB member personally viewed the proposed building site and all surrounding structures within 500 feet as identified in the address list provided by the city staff.

At the next meeting of the BZA, the Leffels objected to the ARB's recommendation and urged the BZA not to consider the recommendation because the ARB went outside the evidence presented at the 2006 proceedings without providing the Leffels the opportunity to present new evidence to counter the evidence prepared by Mission Hills. The BZA considered the ARB's recommendation over the Leffels' objection and affirmed its previous denial of the Leffels' building application. The BZA's resolution provided:

"RESOLVED, that upon reconsideration of the record in this matter, this Board affirms its original decision overturning the decision of the ARB to approve the proposed house. This affirmation is on the basis that the proposed house is not in conformity with the style and design of surrounding structures, and the decision of the ARB to approve was therefore not in accordance with the law and was not supported by the evidence. This decision is irrespective of the sentiments expressed by those who made their positions known during the various hearings before the ARB and this Board in this matter."

Afterwards, the trial court heard arguments regarding the BZA's compliance with the appellate mandate and affirmed the BZA.

*Was the Decision of the Board of Zoning Appeals Affirming the Denial of the Leffels' Building Application Lawful and Reasonable?*

Judicial review of a zoning board decision is limited to determining if the zoning board acted unlawfully or unreasonably. A court does not substitute its judgment for that of the administrative body and may declare an action unreasonable only when the evidence clearly demonstrates that the action was arbitrarily taken without regard to the benefit or harm to the community at large, including all interested parties. The property owner appealing the zoning board's decision bears the burden of overcoming, by a preponderance of the evidence, a presumption that the board acted reasonably. On appeal, the appellate court applies a similar standard without according deference to the conclusions of the trial court. See *Zimmerman v. Board of Wabaunsee County Comm'rs*, 289 Kan. 926, 944-45, 218 P.3d 400 (2009).

A. *Presumption of Reasonableness.*

As a preliminary matter, the Leffels contend that this court should extend no deference to the BZA in this appeal. First, the Leffels contend that the trial court applied an inappropriate standard of "good faith and fair play" rather than reasonableness. While the trial court may have employed imprecise language in stating the standard of deference the Leffels were required to overcome, the trial court applied the correct standard in evaluating the Leffels' appeal from the BZA. As the Leffels concede, Kansas case law establishes a legal presumption that public officials act properly and administer acts within their authority regularly and lawfully. See *Lewis v. City of South Hutchinson*, 162 Kan. 104, Syl. ¶ 8, 174 P.2d 51 (1946); *Manufacturing Co. v. Hayes*, 98 Kan. 269, 270, 157 P. 1169 (1916). There is no principled reason to believe that a presumption of reasonableness does not encompass a presumption that the government officials acted fairly with good faith. The distinction attempted to be drawn by the Leffels possesses little merit.

Moreover, to the extent that the trial court applied the wrong presumption when evaluating the BZA's decision, the error is harmless because this court conducts an independent review of the

BZA's conduct without deferring to the trial court's conclusions. See *Zimmerman*, 289 Kan. at 944-45.

"Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." K.S.A. 2010 Supp. 60-261.

See also *Drake v. Kansas Dept. of Revenue*, 272 Kan. 231, 238, 32 P.3d 705 (2001) (error that does not prejudice the substantial rights of a party affords no basis for reversal and may be disregarded).

Second, the Leffels contend that the BZA's decision in this matter should not be accorded deference because the BZA's initial decision was adjudicated illegal by the trial court and this court in the first appeal. Accordingly, the BZA has lost its presumption of reasonableness.

The Leffels' argument runs counter to the limited role the courts play in zoning decisions:

" '[C]ommunities are entitled to decide for themselves how they shall be zoned or rezoned and that elected representatives from within the community are more likely than the courts to be familiar with the pertinent facts and to reflect the community's will. *In this vein, appellate courts have frequently warned trial courts against substituting their judgment for that of a community's elected representatives merely on the basis of their differing opinion as to what is the better policy in a given instance.*' " *Zimmerman*, 289 Kan. at 949 (quoting 3 Rathkopf, Rezonings: Validity and Review § 40.8, pp. 40-16 to 40-17).

While the discussion in *Zimmerman* involved a different zoning question than the one presented by this case, the policy rationale provided in *Zimmerman* is equally applicable to the present case. The lawfulness of a zoning board's actions should be closely scrutinized by the courts. See *Owen Lumber Co. v. Chartrand*, 283 Kan. 911, 915-16, 157 P.3d 1109 (2007) (an appellate court has unlimited review over questions of law). Yet, the reasonableness of a zoning board's decision implicates fact and policy determinations that are not the province of the courts. See *Zimmerman*, 289 Kan. at 947-49.

The Leffels further attempt to argue that because the case was presented to the BZA on documents only, the court is in as good a position as the BZA to rule on the zoning question and, therefore, this court should not apply a presumption of reasonableness but should review the BZA's decision for substantial competent evidence. The Leffels' argument ignores the fact that many zoning decisions are made primarily upon documentary evidence rather than testimony. This circumstance does not diminish the fact that a zoning determination involves weighing facts and considering policies inherent to the community. These reasons are the basis for judicial deference to zoning board decisions. See *Zimmerman*, 289 Kan. at 947-49.

Finally, the Leffels' argument regarding the appropriate standard of deference for review of the BZA's decision is mostly academic. The Leffels' appellate issues may be broadly categorized into two complaints. First, the Leffels contend that the BZA's decision did not comply with this court's mandate. Second, the Leffels argue that the procedure used by the ARB violated due process and later tainted the entire decision-making process on remand. Both of these claims involve questions of law over which appellate review is unlimited. *Davenport Pastures v. Board of Morris County Comm'rs*, 291 Kan. 132, 139, 238 P.3d 731 (2010) (due process); *State v. DuMars*, 37 Kan. App. 2d 600, 603, 154 P.3d 1120, *rev. denied* 284 Kan. 948 (2007) (mandate).

### B. *Compliance with Mandate.*

Separated by issue, the Leffels contend that the BZA violated this court's mandate in two ways. First, the BZA authorized a "new look" at the building application rather than reconsidering the 2006 building application with the parameters set by the Court of Appeals. Second, the BZA failed to address the impermissible plebiscite undermining its 2006 decision.

When an appellate court has remanded a case for further proceedings, a trial court must comply with the appellate court's mandate and may consider only the matters essential to implementing the mandate. In a second appeal, a determination regarding the trial court's compliance with the mandate involves questions of law

over which this court has unlimited review. *DuMars*, 37 Kan. App. 2d at 603. Nevertheless, absent specific direction by the appellate court, the trial court possesses discretion in implementing the mandate.

"Where the mandate of an appellate court merely reverses a ruling of the district court and remands the case for further proceedings but does not direct the judgment of the district court, the district court has discretion to preside over the remaining trial proceedings, as if the district court had originally made the ruling mandated by the appellate court. See *Waddell v. Woods*, 160 Kan. 481, 483-84, 163 P.2d 348 (1945). In other words, a district court may address those issues necessary to the resolution of the case that were left open by the appellate court's mandate. See *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951 (Fed. Cir. 1997) (citing *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256, 40 L. Ed. 414, 16 S. Ct. 291 [1895]; *Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust*, 824 F.2d 765, 767 [9th Cir. 1987])." *Edwards v. State*, 31 Kan. App. 2d 778, 781, 73 P.3d 772 (2003).

The rules governing appellate court mandates are a subset of judicial policy regarding the law of the case and are designed to implement consistency and finality of judicial rulings. See *State v. Collier*, 263 Kan. 629, 636, 952 P.2d 1326 (1998); *DuMars*, 37 Kan. App. 2d at 603. All questions decided in the prior appeal are settled law and will generally not be reconsidered. *Collier*, 263 Kan. at 632; *DuMars*, 37 Kan. App. 2d at 603. Where an appellate court has decided an issue by explicit language or necessary implication, a trial court may not reconsider the issue. *Edwards*, 31 Kan. App. 2d at 781; see also *Cooke v. Gillespie*, 285 Kan. 748, 758, 176 P.3d 144 (2008) (refusing to allow a trial court to entertain summary judgment on the basis of a statute of limitations defense that was not raised in the prior appeal and was outside the specific consideration contained in the appellate court's mandate).

Here, the remand did not require the trial court to effectuate the mandate of this court but required the BZA to effectuate the mandate. There is no principled reason the same rules should not apply to the BZA's reconsideration under these circumstances. The mandate of this court in the prior appeal was broad, requiring reconsideration of the Leffels' application for a building permit without giving undue weight to the public sentiment surrounding the proposed structure. *Leffel I*, slip op. at 14-15.

1. *"New Look" versus "Look Back."*

The Leffels contend that the BZA violated the mandate of this court by taking a "new look" at the application rather than a "look back" at the 2006 application. The Leffels concede that the BZA adopted an appropriate standard of review at its May 27, 2009, meeting when the BZA proposed reconsidering the information presented during the 2006 application process. Nevertheless, the Leffels contend that the BZA inappropriately remanded the case to the ARB to exercise a "new look" at the surrounding properties to provide a recommendation about the proposed construction's conformity with the style and design of houses within 500 feet of the proposed construction.

To address this argument, it is necessary to review the BZA's decision in the original zoning appeal. In reversing the ARB's decision to grant the Leffels a building permit, the BZA relied on four considerations: (1) The ARB should have deferred to the neighborhood input in opposition to the proposed construction; (2) the ARB failed to provide a clear basis for its finding that the proposed construction was in conformity with surrounding structures; (3) the ARB erroneously interpreted "surrounding structures" too broadly to include the general municipal area; and (4) the evidence presented to the ARB demonstrated that the proposed structure was not in conformity with surrounding structures.

On appeal, this court extended substantial deference to the BZA in making zoning determinations and finding reasonable the BZA's limitation to the surrounding structures used for comparison. *Leffel I*, slip op. at 6-8. Accordingly, this court reversed the BZA's denial of the Leffels' building application only because this court could not determine the extent to which the BZA erroneously relied upon an impermissible plebiscite. *Leffel I*, slip op. at 15.

After remand, the BZA concluded that the ARB should provide a recommendation regarding the style and design conformity of the proposed construction when compared to the surrounding structures, which the BZA interpreted to mean the structures within 500 feet of the proposed construction. Because one of BZA's objections to the ARB's initial decision approving the Leffels' ap-

plication rested on the ARB's consideration of structures within Mission Hills instead of the "surrounding structures," it was entirely consistent with this court's mandate for the BZA to permit the ARB to reconsider the style and design of the proposed structure in light of the surrounding structures as defined by the BZA. See *Edwards*, 31 Kan. App. 2d at 781 (permitting consideration of all issues necessary to effectuate the mandate).

Moreover, at the initial BZA hearing on remand, the Leffels' attorney specifically requested the BZA to send the matter back to the ARB "for a review of the comparison for the houses in the 500 feet radius." Implicit in the Leffels' request is a reexamination of the evidence within the parameters set by the BZA. Though the Leffels challenge the manner in which the ARB reconsidered the style and design of the proposed structure, they cannot complain that the ARB's reconsideration of the application constituted a violation of this court's mandate when they suggested the procedure. See *Butler County R.W.D. No. 8 v. Yates*, 275 Kan. 291, 296, 64 P.3d 357 (2003) ("A party may not invite error and then complain of that error on appeal.").

The Leffels' attempt to draw a distinction between a "new look" procedure and a "look back" procedure also fails for three reasons. First, on remand, the ARB's composition was not identical to its composition the first time ARB considered the application. Consequently, at least one of the ARB members would be required to take a fresh look at the evidence, even if consideration of the matter had been confined to information in the record.

Second, labeling the ARB's procedure on remand a new look as opposed to a look back is a substantial misnomer. While the ARB did consider 75 photographs taken by city staff and depicting the homes within 500 feet of the proposed building site and the ARB members did conduct a personal visit to each of the homes within the 500-foot radius area, the ARB also reviewed and considered the information presented the first time the ARB considered the application. Based upon the amount of information presented to this court in *Leffel I*, the weight of the evidence in the ARB's reconsideration must have been old evidence, not new evidence.

Finally, due to the BZA's narrowed scope of surrounding structures used for comparison, a fresh consideration of the evidence, whether the evidence was limited to the information in the record or new evidence, was required to effectuate the mandate of this court. The mere fact that the ARB considered evidence outside the administrative record in its consideration of the proposed structure's conformity with the style and design of houses within 500 feet of the proposed building site does not constitute a violation of this court's mandate.

The procedure used by the ARB and the BZA on remand did not violate this court's mandate.

### 2. *Impermissible Plebiscite.*

The Leffels also contend that the BZA ignored the appellate mandate to consider the extent to which the BZA's previous decision was affected by an impermissible plebiscite.

The mandate in *Leffel I* required the BZA to reconsider the Leffels' application for a building permit without giving undue weight to the opinions of neighboring landowners. Quoting *Gump Rev. Trust v. City of Wichita*, 35 Kan. App. 2d 501, 511, 131 P.3d 1268 (2006), this court in *Leffel I*, slip op. at 3, noted that consideration of the opinions of neighboring property owners is permissible in a zoning decision, so long as the consideration of such opinions is relevant to establishing the existence or absence of one of the regulatory factors governing the zoning decision. Consideration of public opinion becomes improper when the zoning determination is based entirely upon public sentiment. *Leffel I*, slip op. at 3-4.

Contrary to the Leffels' argument in this appeal, this court did not order the BZA to consider the extent to which its decision rested upon an impermissible plebiscite. Rather, this court directed the BZA to reconsider its decision without the influence of the impermissible plebiscite. This was done.

At the initial BZA meeting after remand, legal counsel for the BZA told the BZA that it was to reconsider the application without taking into account the vote of the neighbors. The BZA then entered a discussion of the comparison of style and design between

the proposed project and surrounding structures. The BZA sent the matter back to the ARB for limited consideration of the style and design conformity of the proposed building project.

There was no discussion of public opinion regarding the Leffels' application for a building permit in the ARB proceedings. While the ARB indicated that it had reviewed the record, nothing within its discussion or resolution indicated any reliance upon public sentiment.

At the next BZA meeting, legal counsel for the BZA again reminded the BZA not to consider public sentiment in arriving at its decision. The Leffels objected to the ARB's willingness to consider the statements of Gary Gilson, the neighbor appealing the ARB's original decision to approve the Leffels' application for a building permit. The Leffels argued that Gilson's participation in the case was contributing to an impermissible plebiscite. The BZA's resolution affirming its earlier decision to deny the Leffels' application for a building permit specifically indicated that its decision was not based upon "the sentiments expressed by those who made their positions known during the various hearings before the ARB and this Board in this matter."

All things considered, the BZA followed this court's mandate. Moreover, BZA made its decision regarding the Leffels' building application upon objective evidence relating to the regulatory factors regarding the style and design of the proposed structure without considering the opinions of the neighboring property owners.

The Leffels have failed to show that the BZA considered public sentiment in reaching its decision on remand. Rather, the record indicates that legal counsel to the BZA warned the BZA of an impermissible plebiscite at each meeting so that the BZA members were aware of this court's mandate. The absence of any discussion of public sentiment further indicates the BZA's attempts to remove the influence of public opinion from its deliberations. Nothing within the record contradicts the BZA's statement that it reached its decision without considering the public opinion toward the project. It is the Leffels' burden to establish that the action by the zoning board was unlawful or unreasonable. See *Zimmerman*, 289 Kan. at 945 (noting that appellant bears the burden of establishing

unreasonableness of the zoning board's action). This record clearly does not support the Leffels' position that the BZA violated this court's mandate in the remand proceedings.

C. *Due Process.*

Next, the Leffels contend that the reconsideration procedure used by the BZA after remand from this court violated due process. While the Leffels cite several cases indicating that due process is required in zoning proceedings, they fail to articulate the manner in which the ARB and the BZA violated their due process rights. The Leffels quote their entire letter to the BZA in opposition to the ARB's recommendation, which includes both challenges to the procedure and to the substance of the ARB's recommendation.

Appellate courts must liberally construe pro se pleadings to give effect to the content rather than rely on the form or label of the pleading. *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). Nevertheless, a pro se litigant is held to the same procedural rules as a litigant who is represented by counsel. See *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007). The Leffels' brief, however, provides no argument illustrating how any of the cited challenges to the ARB's decision constituted a violation of due process.

In any event, we will briefly address the Leffels' due process arguments. The Leffels raise, at most, three due process objections to the ARB reconsideration procedure: (1) The ARB considered new evidence without permitting the Leffels an opportunity to present additional evidence; (2) the ARB arbitrarily adopted new rules and legal standards by which it addressed the Leffels' application for a building permit; and (3) the ARB continued to promote an impermissible plebiscite by adopting the procedural recommendations of Gilson.

The protection of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution extends to quasi-judicial administrative proceedings as well as to court proceedings. See *Davenport Pastures*, 291 Kan. at 138-39; *McPherson Landfill, Inc. v. Board of Shawnee County Comm'rs*, 274 Kan. 303, 305, 49 P.3d 522 (2002). A denial of due process in a zoning determination renders the resulting decision void. Administrative

proceedings, including zoning determinations, must be fair, open, and impartial, with adequate notice of the issues and the opportunity to test, explain, or rebut evidence. *McPherson Landfill, Inc.*, 274 Kan. at 305; *Suburban Medical Center v. Olathe Community Hosp.*, 226 Kan. 320, 330-31, 597 P.2d 654 (1979). Appellate review of a due process challenge is unlimited. *Davenport Pastures*, 291 Kan. at 139.

### 1. *Consideration of New Evidence.*

If the first argument is broadly construed, the Leffels contend that the ARB impermissibly considered new evidence on remand by accepting photographs by staff members of houses within 500 feet of the proposed building site and by conducting a tour of the neighborhood to examine the houses within 500 feet of the proposed building site, without giving the Leffels the opportunity to challenge the evidence with competing evidence or by presenting witnesses.

Mission Hills contends that the Leffels were not entitled to a full hearing on remand, citing *Gump Rev. Trust*, 35 Kan. App. 2d at 515. In *Gump Rev. Trust*, the trial court remanded a zoning decision to the administrative board for further findings regarding its decision. On remand, without holding a hearing, the Wichita city council deliberated in executive session without permitting further hearing by the parties. The council then adopted additional findings in support of its decision to deny a conditional use permit. Based on those additional findings, the trial court affirmed the council's action. On appeal, this court found no due process violation in the council's decision to make additional factual findings without further hearing on remand. *Gump Rev. Trust*, 35 Kan. App. 2d at 515.

While factually distinguishable and therefore not controlling, *Gump Rev. Trust* is instructive. As in *Gump Rev. Trust*, the Leffels were given the full opportunity to present any evidence in support of their application for a building permit in the original administrative proceedings. On remand, the BZA determined that it would entertain no new evidence by either party. For the purpose of defining the scope of its review, the ARB did accept photographs

and an address list of the 75 homes within 500 feet of the proposed building site, and its members visited the neighborhood of the proposed site to view the houses on the address list. Otherwise, the ARB relied upon the evidence in the record.

Although the Leffels have complained that the ARB did not consider photographs with comments by Mrs. Leffel, they have not alleged that the 75 photographs taken by the city staff misrepresented the area within 500 feet of their proposed building project by omitting significant architectural details of the surrounding structures or omitting certain homes. Moreover, the Leffels' challenge to ARB's refusal to consider their photographs with comments is neutralized by the fact that each ARB member conducted a visual inspection of all the surrounding structures within 500 feet of the proposed building site. After all, a visual inspection is a common method of evaluating a structure.

Further, as far as the record on appeal demonstrates, both the photographs and the on-site observations by the ARB members were completely uninfluenced by the parties and were neutral with respect to the litigation. "Knowledge gained by the board through an inspection of the premises may be used in deciding whether to grant or deny relief sought." 83 Am. Jur. 2d, Zoning and Planning § 715, p. 603 (2003). Neither the use of the walking tour to consider the style and design of the proposed project in the context of the area in which it will be built nor consideration of photographs to define the area of comparison violates principles of due process.

Finally, the Leffels have provided no indication that their proffered evidence would have added anything new to the ARB's deliberation process. In a similar context, our Supreme Court has affirmed an administrative procedure authorizing introduction of only new evidence or arguments. See *Houston v. Board of City Commissioners*, 218 Kan. 323, 331, 543 P.2d 1010 (1975) (finding nothing objectionable in a procedure that refused to consider evidence or arguments of the parties unless it was original).

Accordingly, the Leffels have failed to carry their burden to establish that the procedure used by the ARB violated due process.

### 2. *Adoption of New Rules and Definitions.*

The Leffels also challenged the ARB's change of rules and definition of "style and design." Nevertheless, the Leffels do not indicate what rules changed or how the definition of "style and design" was modified. The ARB reviewed the Leffels' building application for the limited purpose of determining its architectural conformity with the structures within 500 feet of the proposed building site. This limited review was prompted by the BZA's adoption of 500 feet as a reasonable definition of "surrounding structures."

During the original discussion of the Leffels' building application, the ARB specifically noted that the proposed structure must be "in general conformance with the style and design of surrounding structures." Yet, the ARB broadly construed "surrounding structures" to include homes in "the area at large." In the proceedings by the ARB after remand from this court, the ARB clearly reconsidered the conformity of the proposed structure's style and design with the houses within 500 feet of the proposed building project as prescribed by the BZA. Although the ARB reached a different conclusion after reviewing the narrowed scope of surrounding structures, the record contains no indication that the BZA applied a different definition of style and design, as suggested by the Leffels.

Similarly, the Leffels fail to articulate what different rules were applied in the remand proceedings. Because these proceedings were required by remand from this court, due process does not require an identical procedure to that used for an initial zoning determination. See *Gump Rev. Trust*, 35 Kan. App. 2d at 515. The Leffels fail to articulate the rules they believed the ARB or the BZA changed, and this court cannot conduct a meaningful review of the claim. See *Kingsley v. Kansas Dept. of Revenue*, 288 Kan. 390, 395, 204 P.3d 562 (2009) (failure to brief is deemed abandonment of claim).

### 3. *Impermissible Plebiscite.*

Undue reliance upon community opinion regarding a proposed building project might constitute a due process violation, see *Leffel*

*I*, slip op. at 3-4, but, as previously discussed, nothing in the record on appeal indicates that the ARB or the BZA was influenced by public opinion regarding the proposed construction. Rather, the BZA specifically stated that it did not consider public sentiment in ruling on the Leffels' building application.

The Leffels contend that the BZA's consideration of Gilson's opinion concerning the appropriate procedure to implement on remand constituted an impermissible plebiscite. This due process argument also fails.

When the BZA initially determined to send the matter to the ARB for a recommendation, Gilson was not present. After the ARB proposed its review procedure in the June 23, 2009, letter, the ARB accepted comments from both parties regarding the proper procedure. Gilson is a party to this litigation.

Clearly, the Leffels do not understand the meaning of a plebiscite. This court has never said that a zoning board cannot consider the opinion of members of the general public with regard to a zoning determination. In fact, in *Leffel I*, this court indicated that the failure to consider public sentiment about a particular building project might be improper. See slip op. at 3 (citing *Gump Rev. Trust*, 35 Kan. App. 2d at 511) ("[Neighborhood objections] remain[ ] a consideration in the ultimate decision."). An impermissible plebiscite occurs when the zoning board relinquishes its quasi-judicial role to adopt the public sentiment expressed by a vocal majority. Such a plebiscite is impermissible because popular support for, or opposition to, a proposed construction project might be based upon irrelevant environmental, financial, or personal concerns. *Leffel I*, slip op. at 4. Gilson's opinion regarding the review procedures used to reconsider the Leffels' application was not irrelevant and did not touch upon the ultimate zoning decision. Consequently, the ARB's consideration or adoption of Gilson's recommendation as to the procedure the ARB should use does not constitute an impermissible plebiscite or violate due process.

Because the Leffels have failed to carry their burden to establish that the BZA's decision was unlawful or unreasonable, we affirm.

Affirmed.