NOT DESIGNATED FOR PUBLICATION

No. 119,570

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

FARMERS STATE BANK, WATHENA, KANSAS,
*Appellee*,

v.

WILLIAM ORCUTT, et al.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Doniphan District Court; JOHN L. WEINGART, judge. Opinion filed June 14, 2019. Affirmed.

*Gregory V. Blume*, of Overland Park, for appellant.

*J. Steven Pigg*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and STUTZMAN, S.J.

PER CURIAM: "When an appellate court has remanded a case for further proceedings, a trial court must comply with the appellate court's mandate and may consider only the matters essential to implementing the mandate. *Leffel v. City of Mission Hills*, 47 Kan. App. 2d 8, 15, 270 P.3d 1 (2011).

Farmers State Bank (Bank) initiated foreclosure proceedings against William Orcutt in 2006. After a judgment was entered, Orcutt moved for issuance of a show cause order where he alleged Bank was in contempt of court for disposing of an item of property in a manner inconsistent with the court's instructions. The district court denied

1

Orcutt's motion and did not issue a show cause order. Orcutt appealed and this court reversed the district court and remanded with directions to issue a show cause order as requested. *Farmers State Bank v. Orcutt*, No. 105,835, 2012 WL 1920329, at *6 (Kan. App. 2012) (unpublished opinion).

The hearing was continued multiple times. Eventually, at the behest of the parties—including Orcutt, the district court found the motion to be moot. On appeal, Orcutt argues the district court failed to follow this court's mandate.

FACTUAL AND PROCEDURAL HISTORY

The underlying facts of this case are set out in *Farmers State Bank v. Orcutt*, 2012 WL 1920329, at *1-3. Essentially, the Bank sued to foreclose security interests in personal property, including a 2001 Ford Taurus. The parties agreed to allow the Bank to sell the personal property in its possession, including the Taurus, in a commercially reasonable fashion. The Taurus was not sold, apparently because the Bank was unable to locate the vehicle.

The Bank entered into a settlement agreement with Orcutt's son, Jason. Under the agreement, Jason would transfer real estate to the Bank and the Bank would dismiss the suit against him and agree not to file an action against his wife, Mandy.

Later, Orcutt added to the court file a document that purported to show Mandy received the Taurus in exchange for her signature on the settlement agreement between Jason and the Bank. Orcutt filed a pro se motion seeking to compel the bank to produce any documents related to the Taurus. He later filed a motion asking the district court to order the Bank to appear and show cause why it should not be held in contempt of the court's order requiring the Taurus to be sold in a commercially reasonable fashion. After a hearing, the district court denied Orcutt's motion to issue a show cause order. This court

2

reversed the district court's decision and directed the district court to "issue an order for the Bank to appear and show cause as to why it should not be found in indirect contempt and to conduct further proceedings" as necessary. 2012 WL 1920329, at *6.

After this court issued its opinion, Orcutt filed another motion in the district court for an order for the Bank to appear and show cause. His motion referenced the Taurus, but also referred to other vehicles not specifically mentioned in the earlier appeal.

The court scheduled a show cause hearing on November 1, 2012. The hearing was continued multiple times and was eventually continued indefinitely. The reasons for the continuances are not clear from the record.

Almost two years later, Orcutt moved to set aside the underlying judgment alleging the Bank committed fraud on the court by failing to disclose the purported settlement agreement between the Bank and Mandy involving the Taurus. Orcutt also moved for summary judgment. Orcutt's motion for summary judgment was largely similar to his earlier motion to set aside judgment.

Shortly after filing the motion for summary judgment, Orcutt's attorney was allowed to withdraw from the case. Orcutt obtained new counsel and a hearing was scheduled for January 2018. The record on appeal contains no transcript of the hearing. But according to the journal entry of the hearing, the parties informed the court that Orcutt's motion to show cause was moot. The court found the motion was moot. The court dismissed Orcutt's remaining motions.

Orcutt appeals the finding that the show cause motion was moot.

3

The only issue Orcutt raises on appeal is whether the district court failed to follow this court's mandate to issue an order requiring the Bank to appear and show cause regarding contempt of court. The Bank argues that Orcutt cannot appeal the issue because he told the district court the issue was moot which resulted in its dismissal.

*The district court complied with the mandate.*

"When an appellate court has remanded a case for further proceedings, a trial court must comply with the appellate court's mandate and may consider only the matters essential to implementing the mandate. In a second appeal, a determination regarding the trial court's compliance with the mandate involves questions of law over which this court has unlimited review." *Leffel*, 47 Kan. App. 2d at 15-16; see *State v. Moore*, No. 117,275, 2019 WL 2063682, at *2 (Kan. May 10, 2019) (unpublished opinion) (compliance with the mandate of an appellate court is a question of law over which we have unlimited review).

While the district court is required to follow a mandate from an appellate court, the district court has discretion in implementing the mandate. *Leffel*, 47 Kan. App. 2d at 16. The court can "'address those issues necessary to the resolution of the case that were left open by the appellate court's mandate.'" 47 Kan. App. 2d at 16 (quoting *Edwards v. State*, 31 Kan. App. 2d 778, 781, 73 P.3d 772 [2003]).

Here, the district court complied with the mandate and ordered a show cause hearing.

But Orcutt argues the show cause order was "rendered null and void" because the district court continued the hearing multiple times. Orcutt alleges the Bank "was able to

rely on the protection of the District Court" to avoid the hearing. But he cites to nothing in the record that suggests the continuances were not warranted or that he even opposed them. In fact, at oral argument it was suggested that most of the continuances were at the request of Orcutt's own attorney, although Orcutt noted that he did not agree to them. The burden is on the party making a claim to designate facts in the record to support that claim; without such a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013). Orcutt fails to designate a record to support his claims that the show cause order was "rendered null and void."

Ultimately, the district court issued the order to show cause and set a date for the necessary hearing. At some point, Orcutt's attorney informed the court that Orcutt's motion to show cause was moot. We can suppose that the parties agreed it was moot because Orcutt had filed, by this time, a motion to set aside judgment and a motion for summary judgment raising the sale of the Taurus as the primary issue. A ruling on those motions would be a ruling on the appropriateness of the disposition of the Taurus. But we cannot be certain of our supposition because the record contains no transcript or writing to explain why Orcutt's attorney believed the motion was moot. In fact, Orcutt's attorney informed the court in conjunction with this appeal that "that no transcript is necessary at this time."

Nor does Orcutt's counsel mention the mootness finding in his appellant brief or his reply brief. We find this very troubling. Counsel has a duty of candor to the court. Comment [3] to KRPC 3.3 (2019 Kan. S. Ct. R. 351). ("There are circumstances where failure to make a disclosure is the equivalent of an affirmative misrepresentation."). Orcutt does not, and could not, challenge the district court's decision finding the show cause order moot because he invited the district court's ruling. See *Thoroughbred Assocs. v. Kansas City Royalty Co.*, 297 Kan. 1193, 1203, 308 P.3d 1238 (2013). Counsel wholly fails to address the Bank's invited error argument.

5

The district court complied with this court's mandate by issuing a show cause order and setting a hearing. The hearing was continued multiple times and eventually the motion was declared moot. Orcutt does not argue the district court's finding that his motion was moot was in error. Instead, he argues the district court failed to follow the mandate. But the record clearly shows that is not the case. The district court complied with the mandate. But when the time came to conduct a hearing on the motion, Orcutt and the Bank informed the court the issue was moot. The court could do nothing more.

Orcutt does briefly discuss possible ineffectiveness of his prior attorneys, but that issue was not raised before the district court nor is it fully briefed here. Moreover, this case is not the proper vehicle for Orcutt to raise ineffective assistance of counsel claims in his civil case.

Orcutt raises no other issues in his brief. Issues not adequately briefed are deemed waived or abandoned. *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018). Orcutt has waived any other possible issues in this matter due to failure to brief.

Affirmed.