NOT DESIGNATED FOR PUBLICATION

No. 120,559

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM DANIEL TRAVIS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed September 13, 2019. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GARDNER, J., and LAHEY, S.J.

PER CURIAM: William D. Travis appeals after being resentenced by the district court upon remand. He claims that the district court violated the appellate mandate by resentencing him instead of merely calculating a new sentence with the correct criminal history score. He also argues that the district court failed to make sufficiently particularized findings to revoke his probation for the second time. Finding no error, we affirm.

1

*Factual and Procedural Background*

Travis pleaded guilty to violating the Kansas Offender Registration Act in June 2016. After finding Travis had a criminal history score of C, the district court followed the recommendations in the plea agreement and granted a dispositional departure to probation. It placed Travis on probation for 24 months with an underlying 36-month prison term. Although the terms of Travis' plea agreement and probation required him to report to the Therapeutic Community Center after being released from custody, Travis failed to report as required. Instead, upon his release from custody, he disappeared for six months.

In March 2017, when the State moved to revoke Travis' probation, Travis stipulated that he had violated it. So the court revoked Travis' probation and ordered him to serve his underlying sentence.

Travis appealed, arguing that the district court should have imposed an intermediate sanction and that his sentence was illegal because the district court incorrectly scored his 1988 Kentucky robbery conviction as a person felony. *State v. Travis*, No. 117,617, 2018 WL 3596068 (Kan. App. 2018) (unpublished opinion). A panel of this court agreed. It held:

- Travis' criminal history score was incorrect under *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), because the Kentucky robbery statute and the Kansas equivalent were not comparable offenses under the identical or narrower analysis under K.S.A. 2015 Supp. 21-6811(e)(3); and
- the district court failed to make the factual findings with the particularity required to bypass the intermediate sanctions in K.S.A. 2016 Supp. 22-3716(c) before revoking his probation and imposing his underlying sentence. *Travis*, 2018 WL 3596068, at *3-5.

The panel remanded the case with these directions:

> "We vacate Travis' sentence and remand with directions for the court to hold a new dispositional hearing and impose a new sentence. The district court is to resentence Travis after scoring his 1988 Kentucky robbery conviction as a nonperson felony. At the new dispositional hearing, the district court can either impose an intermediate sanction or set forth with particularity the reasons that Travis' welfare would not be served by imposing an intermediate sanction." *Travis*, 2018 WL 3596068, at *6.

In November 2018, on remand, the district court held a hearing. It corrected Travis' criminal history score from C to E. But as for the rest of the disposition, the parties disputed which options the mandate permitted. Counsel noted that "this is a really unusual posture . . . [b]ecause not only do we have a resentencing, but [the court is] also supposed to make findings on a probation revocation that already happened." The court listened to the parties' arguments before discussing the unusual posture of the case:

> "I'm in a difficult position here, but I think if it is a total resentencing, the Court [of Appeals] has sent this back to be resentenced and if I have to then make the decision based on this case being presumptive prison and knowing that I don't think I have to ignore the fact that the Court has already placed the defendant on probation and he failed miserably at that probation, then I necessarily have to grant the dispositional departure and give him probation.
>
>      . . . .
>
> "I can't imagine that the Court of Appeals is going to agree that the behavior of the defendant in this case is warranted and that he should be granted probation. In fact, what they said is the Court revoked probation without giving the necessary magic words, I keep saying in order, to do that once I put him on probation.
>
> "So now we're back for resentencing, and a condition of—and I'll make that finding as well, a condition of the plea agreement was that he was going to be in custody pending placement at the Therapeutic Community and I believe the agreement was once he got released from where he was in custody, he was then coming back and getting into the Therapeutic Community. It wasn't a matter of days. It was six months.

"The Court will find that if we are resentencing him that the plea agreement has been broken because he did not follow through with what his requirements were under the plea agreement.

"The Court will also find that even though we go back and look at the history of this case, that the Court did grant him a probation. At the time of probation the Court ordered him to go to the Therapeutic Community once he got out of his custody's place.

. . . .

"He went back out in the community. He disappeared for six months. And so based upon that, the Court will find that his actions lead the Court to believe that in this motion for dispositional departure if he would be entitled under the plea agreement to have this probation, the Court is going to find that he is not entitled to it because his welfare would not be served by putting him, giving him a sanction and putting him back on probation and the public safety would not be served by giving him a sanction and putting him on probation. This is a presumptive prison case. The Court will find that the defendant should serve his sentence and not be granted probation and if the Court were to grant probation, the Court would necessarily look at his behavior based on the probation that was granted before and find that he still would not be entitled to a progressive sanction or intermediate sanction and that the public safety or his welfare would not be served by granting him that probation."

The district court thus declined to grant Travis' motion for a downward dispositional departure and imposed a 30-month prison term. Alternatively, in the event an appellate court determined that it needed to reinstate probation, the district court articulated some reasons why public safety and Travis' welfare would not be served by placing him back on probation. Travis appeals.

*Did the District Court Violate the Mandate Rule?*

Travis claims that the district court violated the appellate mandate by imposing a new sentence on remand instead of simply computing his sentence with the correct criminal history score then placing him on probation as it did previously. The State responds that Travis has not preserved this claim.

4

But interpretation of an appellate court mandate and determining whether the district court complied with the mandate on remand are questions of law which this court can consider for the first time on appeal. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). And because compliance with the mandate poses a question of law, we exercise unlimited de novo review. *Gannon v. State*, 303 Kan. 682, 702, 368 P.3d 1024 (2016).

*Analysis*

Opinions and mandates issued by appellate courts are controlling in conducting any further proceedings necessary in the district court. K.S.A. 60-2106(c). Lower courts are bound to follow an appellate court's mandate and have no authority to consider matters outside the mandate. *Gannon*, 303 Kan. at 703 (citing *Kansas Baptist Convention v. Mesa Operating Ltd. Partnership*, 258 Kan. 226, 231, 898 P.2d 1131 [1995]); see also K.S.A. 20-108. On remand, the district court "must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *State v. Collier*, 263 Kan. 629, Syl. ¶ 4, 952 P.2d 1326 (1998). "[A] trial court may address those issues necessary to the resolution of the case that were left open by the appellate court's mandate." *Leffel v. City of Mission Hills*, 47 Kan. App. 2d 8, Syl. ¶ 5, 270 P.3d 1 (2011). But where the appellate court decided an issue "by explicit language or necessary implication," that issue cannot be reconsidered by the district court. 47 Kan. App. 2d 8, Syl. ¶ 6.

This court's mandate stated:

"We vacate Travis' sentence and remand with directions for the court to hold a new dispositional hearing and impose a new sentence. The district court is to resentence Travis after scoring his 1988 Kentucky robbery conviction as a nonperson felony. At the new dispositional hearing, the district court can either impose an intermediate sanction or

5

set forth with particularity the reasons that Travis' welfare would not be served by imposing an intermediate sanction." *Travis*, 2018 WL 3596068, at *6.

The confusion at the remand hearing was warranted. It arose because the mandate failed to provide for the intervening passage of time and the changed facts. Travis contends that the mandate required the court to recalculate his underlying sentence with the new, lower criminal history score and leave the remainder of its sentence in place, including the durational departure to probation as recommended by the plea agreement. This option would permit the court to grant probation and then revoke it on the same day by stating, with particularity, the reasons required to bypass intermediate sanctions. See K.S.A. 2018 Supp. 22-3716(c)(9)(A). The State contends the mandate permitted the district court to resentence Travis completely, having the option to put him on probation again or to impose his sentence without a durational departure to probation. The district court chose the latter.

After discussions on the record with the parties, the district court determined that Travis was subject to complete resentencing. It properly determined that, even if the plea agreement was still in place, it was not bound by its terms. See *State v. Chetwood*, 38 Kan. App. 2d 620, 624-25, 170 P.3d 436 (2007) (explaining that Kansas district courts are not parties to plea agreements and are not bound by any sentencing recommendations from plea agreements). The district court showed its attempt to comply with the letter and spirit of the mandate, saying: "I can't imagine that the Court of Appeals is going to agree that the behavior of the defendant in this case is warranted and that he should be granted probation."

Although Travis' reading of the mandate is understandable as well as reasonable, we find the district court did not violate the mandate rule by sentencing Travis to 30 months' imprisonment and denying his motion for a departure to probation. On appeal, we vacated Travis' entire sentence, and ordered resentencing and a new dispositional

6

hearing. Our language about the dispositional hearing was designed to address the error the parties had briefed about Travis' probation revocation. It assumed, without requiring, that the same disposition (probation) would occur on remand, and it stated what the law required in that event. That assumption was understandable, given that the panel's decision reduced Travis' criminal history score, that the district court had previously granted a departure to probation even with Travis' longer sentence, and that the panel was not privy to Travis' poor performance while he was on probation. But our mandate failed to account for the passage of time and the possibility of Travis' bad acts between his original sentence and resentencing on remand.

Arguably, the mandate erred in remanding for resentencing instead of merely for correcting the sentence. See *State v. Jamerson*, 309 Kan. 211, 221-22, 433 P.3d 698 (2019) (Johnson, J., concurring in part and dissenting in part) (arguing that K.S.A. 22-3504[1], which says "[t]he court may *correct* an illegal sentence at any time," authorizes only a correction and not a modification or resentencing). But that issue has not been briefed and awaits another day.

We find some guidance in *State v. Tafoya*, 304 Kan. 663, 669-70, 372 P.3d 1247 (2016). There, our Supreme Court found that a remand from an appellate court to a district court to vacate the fine and reconsider its method of payment was to correct error and was, in substance, not a remand for resentencing, even though the panel said it was remanding Tafoya's case to the district court with his "sentence vacated" for "resentencing." There, unlike here, the panel had made contradictory statements regarding its mandate. But in determining the effect of those statements, the Kansas Supreme Court concluded "that the substance of the Court of Appeals ruling controls over the form its ruling takes. ""The law of this state is realistic. Substance prevails over form.""" *State v. Fewell*, 286 Kan. 370, 389, 184 P.3d 903 (2008) (quoting *Murray v. Modoc State Bank*, 181 Kan. 642, 647, 313 P.2d 304 [1957])." *Tafoya*, 304 Kan. at 670.

7

We apply that rationale here. Nothing in the substance of our opinion precluded the district court from revisiting the issue of probation. See *Travis*, 2018 WL 3596068.

So we do not read the mandate to tie the district court's hands so tightly as Travis suggests. The district court was permitted to address those issues necessary to the resolution of the case that were left open by the appellate court's mandate. One of those was whether the circumstances at the time of resentencing were such that Travis should again be granted probation. The district court applied Travis' lower criminal history score and found he was still presumptive prison before denying Travis' motion for a dispositional departure to probation. Any change in a defendant's criminal history score which affects the length of a sentence could, alone, warrant a different disposition than the district court imposed before remand. And here, the district court had more than Travis' changed criminal history score to persuade it not to depart to probation. As the district court found, when it previously graced Travis with a departure to probation, Travis made no attempt to comply with the terms of his probation and instead disappeared for six months. As the district court stated, it had "already placed the defendant on probation and he failed miserably at that probation." So despite that Travis' criminal history score was better on remand than when Travis was originally sentenced, the district court stated good reasons for not granting Travis probation again.

A district court cannot ignore facts that occur between the date of its initial sentence and resentencing required on remand. Cf. *State v. Spencer*, 291 Kan. 796, 829-30, 248 P.3d 256 (2011) (finding factual and legal problems with the items the sentencing judge had relied upon to establish substantial and compelling reasons for departure warranted total reevaluation from the beginning for an appropriate sentence to be pronounced on remand). We find this inherent in the statute's requirement that the district court "shall state on the record *at the time of sentencing*" the substantial and compelling reasons for a departure and make findings of fact regarding those mitigating factors. (Emphasis added.) K.S.A. 2018 Supp. 21-6815(a); see K.S.A. 2018 Supp. 21-6817(a)(4);

8

*State v. Reed*, 302 Kan. 227, Syl. ¶ 7, 352 P.3d 530 (2015). To read the mandate to require the district court to ignore intervening facts relevant to resentencing would be a triumph of form over substance.

To mitigate the potential for vindictiveness, however, when a defendant is resentenced after an appeal the district court's reasons for any increased punishment must be based on "'objective information concerning identifiable conduct on the part of the defendant,'" and "the information used to increase the sentence must be in the record so that meaningful appellate review can occur." *State v. Brown*, 309 Kan. 369, 376, 435 P.3d 546 (2019). Those requirements are met here. The information used to increase Travis' prior sentence of probation to his current sentence of imprisonment is in the record— when on probation, Travis disappeared for six months instead of going into placement at the Therapeutic Community Center after he was released from custody. That information is objective and concerns identifiable conduct on the part of the defendant.

Because the district court properly resentenced Travis to imprisonment, we find it unnecessary to determine whether the district court's alternative findings would be sufficiently particular to bypass intermediate sanctions had it chosen instead to impose, and then immediately revoke, probation. See K.S.A. 2018 Supp. 22-3716(c).

Affirmed.